In the Matter of the Claim of FLORENCE E. HAFNER, Respondent, against F. J. BOUTELL DRIVEAWAY CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from an award of death benefits under the Workmen's Compensation Law in favor of a widow and two minor children. The deceased employee was regularly employed as a truck driver for five days of each week by the City of Buffalo. On week-ends, for a short period, he had been employed by F. J. Boutell Driveaway Co., Inc., to drive United States Army vehicles from Buffalo to designated points. This was a part-time seasonal occupation. On one of such trips he met with an accident and was killed while driving an ambulance. In computing death benefits the board applied the rule enjoined by subdivision 3 of section 14 of the statute, and took into consideration decedent's earnings as a truck driver for the City of Buffalo on the basis that such work was similar to the work he was engaged in when injured. Award affirmed, with costs to the Workmen's Compensation Board. All concur. [See post, p. 1005.]

In the Matter of the Claim of ROSE SANSBUARY, Respondent, against YOUR BAKING CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and insurance carrier from an award of death benefits. The employer is a wholesale baking company. The employee, while inside an oven, cleaning it, slipped or twisted and a grate fell, hitting him on the head, causing him to become unconscious, and resulting in the aggravation and acceleration of an unknown pre-existing endocarditis, causing his death the same day. There is sufficient evidence to sustain the finding of causal relation. Award affirmed, with costs to the Workmen's Compensation Board. All concur.

In the Matter of the Claim of DANIEL DOUGHERTY, Respondent, against E. W. BLISS Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a schedule award for 60% loss of use of the. left thumb. The injury was received by coming into contact with a saw operated by claimant's foreman. Award affirmed, with costs to the Workmen's Compensation Board. All concur.

In the Matter of the Claim of SAMUEL LOEB, Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, which affirmed a referee's decision suspending claimant's unemployment insurance benefit rights as of August 10, 1943, on the ground that claimant was unavailable for employment commencing as of that date. There is. no substantial evidence to sustain the finding that claimant was unavailable for employment on the date mentioned. Decision reversed on the law, with costs to the claimant against the Industrial Commissioner and matter remitted for further consideration. All concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. PINE LAKE CLUB, Respondent, against GEORGE HURTER et al., as Assessors of the Town of Morehouse, Appellants.— Appeal from an order entered in the Office of the Clerk of the County of Hamilton on the 23d day of October, 1944, which denied a motion to quash a writ of certiorari and to dismiss proceeding. Order affirmed, with $25 costs and disbursements. All concur.