■ In the Matter of the Claim of CHARLOTTE CONYERS, Respondent, v. RUSH BAR et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed December 4, 1970, which awarded death benefits to the infant claimant. The board's memoranda found " that the claimant was performing his work as a bartender when he was shot by an unknown assailant and that, therefore, the accidental injury and death arose out of and in the course of employment", and by decision dated May 5, 1971 "that the assault was not motivated by personal animosity and that the presumption, under section 21, subdivision 1 of the Workmen's Compensation Law was not overcome by substantial evidence to the contrary ". Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Cooke, Simons and Kane, JJ., concur.

■ In the Matter of the Claim of CLARENCE HELMER, Respondent, v. CHARMILL ENTERPRISES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, dated March 16, 1971, which affirmed an award of disability benefits to the claimant, pursuant to the provisions of article 9 of the Workmen's Compensation Law (Disability Benefits Law). Decision affirmed, with costs to the Workmen's Compensation Board. (See Matter of Codolban v. 50th Street Ties, 35 A D 2d 1046.) Herlihy, P. J., Greenblott, Cooke, Simons and Kane, JJ., concur.

■ In the Matter of the Claim of HARVEY G. HILL, Respondent, v. AMERICAN COURIER CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeals from decisions of the Workmen's Compensation Board, filed August 19, 1970 and Aprl 20, 1971. The board has found that the claimant's part-time occupation as a truck driver for appellant was sufficiently similar to his regular employment as a tractor driver in the Post Office to entitle him to benefits based on his total earnings from the two jobs. There is substantial evidence in the record to support the board's factual finding. (Matter of McDowell v. Flatbush Congregational Church, 252 App. Div. 799, affd. 277 N. Y. 536; Matter of Hafner v. Boutell Driveaway Co., 269 App. Div. 917, mot. for lv. to app. den. 295 N. Y. 989; Matter of Walla v. Streigel, 2 A D 2d 914, mot. for lv. to app. den. 2 N Y 2d 708.) Decisions affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Cooke, Simons and Kane, JJ., concur.

■ In the Matter of the Claim of FRANK J. RAYMOND et al., Respondents, v. INTERFAITH HOSPITAL OF QUEENS, Respondent, and SPARTACUS CONSTRUCTION CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed February 18, 1971, which determined that Interfaith Hospital of Queens was the general employer of claimants, that Spartacus Construction Corp. was their special employer and that Spartacus Construction Corp. and its carrier were solely liable. The board found " that Interfaith Hospital, non-insured employer, is the general employer and Spartacus Construction Corp. is the special employer, that inasmuch as the accident occurred at a specific location, the maintenance of which was the responsibility of the Spartacus Construction Corp., the Spartacus Construction Corp. and its carrier, Hartford Accident, are solely liable." Decision affirmed, with costs to respondents filing briefs. Herlihy, P. J., Greenblott, Cooke, Simons and Kane, JJ., concur.