■ In the Matter of the Claim of RICHARD A. PANEK, Respondent. CITY OF SYRACUSE, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Main, J. P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 21, 1984, which ruled that claimant was entitled to receive benefits.

Claimant was employed by the City of Syracuse and was serving as an auto mechanic crew leader on a probationary basis.* When a number of expensive new tires were stolen during his shift as crew leader, claimant was suspended and later discharged. In essence, the employer's questionnaire and notices of suspension and discharge accused claimant of unauthorized use of a motor vehicle and a failure to perform duties on security control contrary to the employer's rules. An amended termination notice also charged claimant with having falsified his application to take the civil service exam for the position he held by indicating that he was a resident of the City of Syracuse when, in fact, he resided outside the City. As a result of this misrepresentation, claimant gained a preference which made his appointment possible.

The administrative law judge (ALJ) concluded that claimant was not guilty of misconduct since the charges against him were for infractions of company rules "very commonly bent or broken". However, the ALJ made no finding, indeed no mention, of the charge of fraudulent misrepresentation as to claimant's residence on the application for the civil service examination, in spite of the fact that it was enthusiastically contested during the hearing and clearly was made an issue requiring resolution. The Unemployment Insurance Appeal Board adopted the ALJ's decision in toto. Resolution of the misrepresentation issue is vital to the question of claimant's entitlement to benefits and must be considered and passed upon by the Board. Our review is limited and we are not permitted to surmise, speculate or substitute our judgment for that of the Board. Moreover, failure of the agency to set forth an adequate statement of the factual basis forecloses the possibility of fair judicial review (*see, Matter of Montauk Improvement v Proccacino*, 41 NY2d 913). Since the Board failed

---

* As a probationary employee, claimant was not entitled to the protection of the grievance procedures provided for in the contract between the City of Syracuse and his union.

to address this relevant issue, its decision must be reversed and the matter remitted for further development of the record.

Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.