■ In the Matter of the Claim of NATALIE BOSTON, Respondent, v MEDICAL SERVICES FOR WOMEN et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [626 NYS2d 320] —Appeals from a decision and an amended decision of the Workers' Compensation Board, filed October 9, 1992 and October 12, 1993, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

Claimant, a medical secretary, sustained serious injuries when a stranger threw acid in her face as she was leaving her place of employment en route to a parking garage where she normally parked her car. We find that substantial evidence supports the Board's finding that claimant was injured while traveling a route which was a usual means of ingress and egress for employees and that, therefore, claimant's injury occurred while she was still within the precincts of employment. The employer failed to adduce adequate proof at the hearing of a personal motive for the attack upon claimant. We have examined the remaining contentions and find them to be lacking in merit.

Cardona, P. J., Mercure, White, Casey and Spain, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.

■ In the Matter of the Claim of ALBERT ARTURI, Appellant. LANDMARK DEVELOPMENT COMPANY, INC., et al., Respondents; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [626 NYS2d 327] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 28, 1992, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Upon review of the record, we find that there is substantial evidence to support the Board's decision that claimant voluntarily left his position as a maintenance worker without good cause. The undisputed evidence establishes that claimant refused his supervisor's request to perform duties which were part of his job and, when told that if he did not like it he could leave, promptly left the work site. Under these facts, the Board's decision must be upheld.

Mikoll, J. P., Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.