■ In the Matter of the Claim of HOWARD R. STRAUSS, Respondent. BRONX HOUSE-EMANUEL CAMPS, INC., Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [645 NYS2d 141] —Cardona, P. J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 29, 1995, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant worked for a not-for-profit organization as a bookkeeper. He was discharged from his position for failing to properly perform his duties. Although claimant was initially denied unemployment insurance benefits on the basis that he was terminated for misconduct, the initial determination was overruled by an Administrative Law Judge (hereinafter ALJ) who found him entitled to receive benefits. The ALJ's decision was affirmed by the Unemployment Insurance Appeal Board.

Claimant's employer contends that the Board's decision is not supported by substantial evidence because claimant was terminated for misconduct. The record reveals that claimant was terminated because he did not timely pay bills, failed to transfer money into the organization's checking account and caused checks to be returned for insufficient funds. We agree that such conduct justified claimant's dismissal. Nevertheless, under the circumstances of this case we find that the Board's conclusion, that claimant's actions demonstrated negligence or poor judgment but did not rise to the level of misconduct sufficient to disqualify claimant from receiving unemployment insurance benefits, to be supported by substantial evidence (see, Matter of Passarelli [Yonkers Roscoe Co.—Sweeney], 226 AD2d 862; Matter of Tarver [Ross], 64 AD2d 760). In reaching this conclusion, we note that our review is limited and we may not substitute our judgment for that of the Board (see, Matter of Panek [City of Syracuse—Roberts], 111 AD2d 466). The Board's decision must, therefore, be upheld in all respects.

Crew III, White and Yesawich Jr., JJ., concur.

Mikoll, J. (dissenting). I respectfully dissent.

If an employee fails to follow his employer's stated rules and policies or repeatedly commits negligent acts, either scenario constitutes misconduct (see, Matter of Gallo [Hudacs], 206 AD2d 649). The record amply supports a finding of misconduct. Ordered that the decision is affirmed, without costs.