■ In the Matter of the Claim of BARBARA A. SPENCER, Respondent. BANK OF SMITHTOWN, Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [666 NYS2d 252] —Cardona, P. J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 27, 1996, which, upon reconsideration, adhered to its prior decision ruling that claimant was entitled to receive unemployment insurance benefits.

Claimant was employed as a senior vice-president and chief auditor when the employer bank granted her a personal loan of $45,000 based upon her representation that she needed it to discharge a money judgment. Although claimant concedes that she cited the money judgment as the reason for the loan, the loan application filled out by claimant and her husband stated that the loan was for personal reasons and did not specify how the funds were to be used. The bank did not require the funds to be paid directly to the judgment creditor. Furthermore, claimant was informed that the loan was approved based upon the joint income of her and her husband. Following the disbursement of the loan proceeds, the record indicates that claimant suffered further personal setbacks when, *inter alia*, her husband lost his job and serious problems developed in her marriage. When it came to the employer's attention that the borrowed funds had been used to pay different creditors and living expenses rather than to satisfy the judgment and that a petition in bankruptcy had been filed, claimant was discharged. The Unemployment Insurance Appeal Board ruled that claimant had lost her employment under nondisqualifying circumstances.

We affirm. The record discloses that the employer considered claimant a valuable employee, having worked for the employer without reproach for over 18 years prior to the circumstances that led to her discharge. While claimant clearly showed poor judgment in using the borrowed funds for different debts without informing her employer of the changed circumstances, there exists substantial evidence in the record to support the Board's ruling that these actions did not rise to the level of disqualifying misconduct under the particular circumstances of this case (*see, Matter of Strauss [Bronx House-Emanuel Camps—Sweeney]*, 229 AD2d 652). We note that, in arriving at

this conclusion, our review is limited and it is not proper for this Court to substitute its judgment for that of the Board (*see, id.*).

Mercure, White, Casey and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.