■ In the Matter of the Claim of LETA McDUFFIE, Respondent. MENORAH HOME AND HOSPITAL FOR THE AGED AND INFIRM, Appellant; COMMISSIONER OF LABOR, Respondent. [684 NYS2d 12] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 29, 1997, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant worked as a certified nurse's aide for the employer, an Orthodox Jewish nursing home, for over 16 years. While traveling to work on June 5, 1994, claimant felt faint from fasting as part of her religious observance. Claimant purchased a donut from a shop and, upon arriving at work, sat down to eat the donut and drink a can of ginger ale to alleviate her symptoms. The employer's administrator observed claimant and demanded to know where she obtained the can of soda. Claimant stated that it came from the employer's vending machine. The administrator maintained that the brand claimant had was the kind given to nursing home residents and was not stocked in the vending machines. Claimant was thereafter discharged for stealing. Although the Unemployment Insurance Appeal Board found that claimant had taken the employer's can of soda, it nevertheless ruled that claimant lost her employment under nondisqualifying circumstances.

We affirm. Notably, the issue of "[w]hether a claimant's actions have risen to the level of disqualification is a factual question for resolution by the Board" (*Matter of Santa [Eastman Kodak Co.—Sweeney]*, 236 AD2d 776). Here, the employer maintains that the Board's decision is improper because claimant was not only terminated for theft but also for bringing non-Kosher food into the facility in knowing violation of the employer's rules. However, "[a]n employee's failure to abide by workplace rules may bring about his or her discharge without rising to the level of disqualifying misconduct" (*Matter of Dunn*

*[PSC, Inc.—Sweeney]*, 241 AD2d 609, 610). Although claimant may have shown poor judgment in this instance, given claimant's explanation for her conduct and her status as a long-standing employee with a good disciplinary record, the Board's decision was not irrational (*see, Matter of Spencer [Bank of Smithtown—Sweeney]*, 244 AD2d 838). Thus, we conclude that the Board's ruling in favor of claimant was supported by substantial evidence (*see, id.*).

Mikoll, J. P., Mercure, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.