■ In the Matter of the Claim of SUSAN J. HIGGINS, Respondent. MARKETSOFT, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [684 NYS2d 75] —Appeal from a decision of the

Unemployment Insurance Appeal Board, filed September 22, 1997, which, upon reconsideration, adhered to its prior decision ruling that claimant was entitled to receive unemployment insurance benefits.

Claimant was employed as the marketing manager of a small corporation and also served as the corporation's secretary/treasurer. The president and chief executive officer of the corporation, who was also claimant's husband, reportedly obtained information indicating that certain funds of the company were being misappropriated. He ordered claimant to withdraw money from the corporate bank account in the form of cashier's checks totaling $36,000. The checks were made out to the corporation and turned over, with all the corporation's financial records, to an independent accounting firm for an inventory. The chairman of the board of the corporation discharged claimant for not following certain rules in the shareholder's agreement relating to the drawing of checks from the corporate bank account. The Unemployment Insurance Appeal Board ruled that claimant did not lose her employment under disqualifying circumstances and we affirm.

While claimant's actions may have violated some of the rules in the shareholder's agreement, there is substantial evidence in the record to support the Board's finding that claimant's actions were consistent with her fiduciary duties and did not constitute disqualifying misconduct under the particular circumstances of this case (see, Matter of Spencer [Bank of Smithtown—Sweeney], 244 AD2d 838). Notably, our review in this regard is limited and it is not proper for this Court to substitute its judgment for that of the Board (see, Matter of Strauss [Bronx House-Emanuel Camps—Sweeney], 229 AD2d 652). To the extent that the employer's version of the events surrounding claimant's departure differed from that presented by claimant, this conflict created a credibility issue for the Board to resolve (see, Matter of Rulka [Commissioner of Labor], 249 AD2d 876).

Mikoll, J. P., Crew III, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.