■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ALVARADO, Appellant. [694 NYS2d 482] —Peters, J. Appeal

from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered February 9, 1998, upon a verdict convicting defendant of the crimes of assault in the first degree, assault in the second degree and criminal possession of a weapon in the third degree.

On July 3, 1995 at Gouverneur Correctional Facility in St. Lawrence County, a number of Hispanic inmates severely beat an African-American inmate, leaving him unconscious. Defendant and Jose Torres (*see, People v Torres*, 258 AD2d 824) were later identified to be among the inmates involved in the incident. Both defendant and Torres were ultimately indicted for assault in the first degree, assault in the second degree and criminal possession of a weapon in the third degree. Notably, however, no count of the indictment was based upon an "acting in concert" theory (*see, People v Dlugash*, 41 NY2d 725, 731). During their joint trial, a correction officer testified that he saw defendant striking the victim with a 10-pound free weight in the back of the head. Testimony also revealed that Torres hit the victim from behind with a weight bar. Defendant was found guilty of all counts and now asserts that the trial evidence was legally insufficient and that the jury verdict was against the weight of the credible evidence.

Upon our review, we find meritorious defendant's contention that the trial evidence was legally insufficient to support the jury's determination that his conduct was the direct cause of the victim's injury (*see, People v Darrow*, 260 AD2d 928). While we are constrained by *People v Darrow* (*supra*) to conclude that the conviction of assault in the first degree cannot stand, we remain authorized to modify the judgment (*see,* CPL 470.15 [2] [a]) upon our conclusion that, after viewing the evidence in a light most favorable to the People, it was sufficient to establish the lesser included offense of attempted assault in the first degree (*see,* CPL 1.20 [37]; Penal Law § 110.00; *People v Santos*, 213 AD2d 302, *affd* 86 NY2d 869).

We have reviewed defendant's remaining contentions and find them without merit.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law and the facts, by reducing defendant's conviction of the crime of assault in the first degree to the crime of attempted assault in the first degree; matter remitted to the County Court of St. Lawrence County for resentencing on that count only; and, as so modified, affirmed.