■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE TORRES, Appellant. [700 NYS2d 270] —Peters, J. Appeals (1) from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered February 9, 1998, upon a verdict convicting defendant of the crimes of assault in the first degree, assault in the second degree and criminal possession of a weapon in the third degree, and (2) from a judgment of said court, rendered March 23, 1998, which resentenced defendant.

Initially, this Court affirmed defendant's conviction of the crime of assault in the first degree on the ground that there was legally sufficient evidence to establish defendant's guilt (258 AD2d 824). In light of defendant's motion for reconsideration and this Court's decision regarding a codefendant in the instant case (*see, People v Alvarado,* 262 AD2d 710), a revised decision is required. As was the situation in *People v Alvarado* (*supra*), although a correction officer testified at the joint trial that he saw defendant beating the victim from behind with a weight bar and his codefendant striking the victim with a 10-pound free weight in the back of the head, there was no testimony or evidence on the question of whether either defendant's or the codefendant's actions were a sufficiently direct cause of the victim's injuries (*see, People v Darrow,* 260 AD2d 928). The victim incurred his injuries after being attacked and beaten by a group of fellow prison inmates who were Hispanic. No count of the indictment was based upon an "acting in concert" theory (*see, People v Dlugash,* 41 NY2d 725). Thus, the trial evidence was not legally sufficient to support a finding of guilt as to the crime of assault in the first degree. Nevertheless, as was the case with the codefendant, we conclude that, after viewing the evidence in the light most favorable to the People, it was sufficient to establish the lesser included offense of attempted assault in the first degree (*see,* CPL 1.20 [37]; Penal Law § 110.00; *People v Santos,* 213 AD2d 302, *affd* 86 NY2d 869). Therefore, the conviction of assault in the first degree should be modified to that extent (*see,* CPL 470.15 [2] [a]).

As a final matter, it is noted that we adhere to the previous

conclusions of this Court in rejecting defendant's remaining arguments raised when the case was first before this Court.

Mercure, J. P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgments are modified, on the law and the facts, by reducing defendant's conviction of the crime of assault in the first degree to the crime of attempted assault in the first degree; matter remitted to the County Court of St. Lawrence County for resentencing on that count only; and, as so modified, affirmed. [*See*, 258 AD2d 824, 267 AD2d 714, decided herewith.]