■ In the Matter of the Claim of RONALD M. PALMER, Respondent. RESCUE MISSION ALLIANCE OF SYRACUSE, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [708 NYS2d 744] —Rose, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 6, 1999, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was discharged from his employment as a resident supervisor for a homeless shelter for allegedly violating the employer's established policy prohibiting employees from excluding clients from the shelter without the prior approval of a superior. Following a hearing, an Administrative Law Judge (hereinafter ALJ) overruled the initial determinations and ruled that claimant was entitled to receive unemployment insurance benefits because he did not violate the employer's policy and, therefore, did not engage in disqualifying misconduct. On administrative appeal, the Unemployment Insurance Appeal Board rescinded the ALJ's decision and remitted the matter for a further hearing in order to recreate certain testimony which had been omitted from the hearing transcript due to an inadequate tape recording. Following the rehearing, the ALJ again overruled the initial determinations as well as the employer's objection that its authorized representative was not present at the first hearing. The Board affirmed the ALJ's decision based upon the combined record from both hearings and ruled that claimant was entitled to receive unemployment insurance benefits. The employer appeals.

Initially, the employer contends that it was deprived of due process and the right to cross-examine witnesses under State Administrative Procedure Act § 306 (3) because its request for adjournment of the first hearing based upon the absence of its counsel was improperly denied by the ALJ and because the transcript of the first hearing was improperly incorporated into the record of the second hearing. We cannot agree.

The ALJ denied the employer's request on the ground that an adjournment would adversely affect claimant, but also afforded the employer an opportunity to withdraw its appear-

ance so that, following any adverse decision, the employer could apply to reopen the matter. After considering its options, the employer declined the offer and instead elected to proceed without the assistance of its authorized representative. Under these circumstances, the employer waived its claims that it was entitled to an adjournment (*see,* 12 NYCRR 461.6 [a]; *cf., Matter of Mintzer [Sheft—Commissioner of Labor]*, 256 AD2d 965), was deprived of the right to cross-examine witnesses at the first hearing (*see,* 12 NYCRR 461.4 [c]) and was entitled to an order reopening the decision made after the first hearing (*see,* 12 NYCRR 461.8). Also, as the matter was remitted for a second hearing solely as a result of an incomplete recording of the first hearing, it was not an abuse of discretion to incorporate the transcript of the first hearing.

Turning to the merits, substantial evidence supports the Board's decision that claimant did not commit disqualifying misconduct. The record indicates that claimant discovered that a shelter client had allegedly been exposed to a contagious disease. Claimant testified that he discussed the situation with several co-workers but never denied the client shelter services or excluded him from the employer's premises. Rather, according to claimant's version of events, as well as that provided by the client and claimant's co-worker, it was another shelter employee, not claimant, who instructed the client to leave. Although the client's previous written statement conflicted with his testimony and the record contains evidence which may support a finding of misconduct, this created a credibility issue for the Board to resolve (*see, Matter of Higgins [Marketsoft, Inc.—Commissioner of Labor]*, 257 AD2d 881; *Matter of Tischmann [ITT Sheraton Corp.—Commissioner of Labor]*, 256 AD2d 949). Inasmuch as the Board's decision is supported by substantial evidence, it must be affirmed (*see, Matter of Berry [Noble Hosp./Samaritan Med. Cent.—Commissioner of Labor]*, 264 AD2d 923; *Matter of Jones [White Arrow Serv. Stas.—Sweeney]*, 232 AD2d 802).

Cardona, P. J., Carpinello, Graffeo and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.