■ In the Matter of the Claim of MARY A. CRISALLI, Appellant. COMMISSIONER OF LABOR, Respondent. [719 NYS2d 768] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 23, 1999, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant voluntarily left her employment as a legal secretary without good cause. The record establishes that claimant and the attorney she worked for raised their voices at one another after the attorney became upset that claimant took a message from a client rather than keep him on hold until the attorney finished his other telephone conversation. Claimant thereafter left her employment after the attorney stated that if she did not like the way the office was run she could leave. It has been held that a disagreement with one's supervisor does not constitute good cause for leaving employment (*see, Matter of Collins [Sweeney]*, 239 AD2d 758, 759; *Matter of Arturi [Landmark Dev. Corp.—Sweeney]*, 215 AD2d 845). Moreover, to the extent that claimant maintains that she was fired, the employer's inquiry as to whether claimant was going to answer the telephone that was ringing as she packed her belongings should have indicated to her that she was, in fact, not fired.

We also reject claimant's assertion of a due process violation inasmuch as the record establishes that, despite being aware of her options, claimant elected to proceed with the hearing without counsel (*see, Matter of Palmer [Rescue Mission Alliance—Commissioner of Labor]*, 273 AD2d 525, 526).

Cardona, P. J., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.