■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK D. PETROSINO, Appellant. [750 NYS2d 410] —Appeal from a judgment of Wayne County Court (Kehoe, J.), entered August 1, 2001, convicting defendant after a jury trial of, inter alia, assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reducing the conviction of assault in the second degree to attempted assault in the second degree and as modified the judgment is affirmed and the matter is remitted to Wayne County Court for sentencing on that conviction.

Memorandum: Defendant was convicted following a jury trial of, inter alia, assault in the second degree for causing physical injury to the victim by means of a dangerous instrument (Penal Law § 120.05 [2]), and he was acquitted of assault in the first degree (§ 120.10 [3]) and assault in the second degree for intentionally causing serious physical injury to the victim (§ 120.05 [1]). We agree with defendant that the evidence is legally insufficient to establish that he caused physical injury to the victim by means of a dangerous instrument and thus

that the conviction of assault in the second degree is not supported by legally sufficient evidence. The evidence, viewed in the light most favorable to the People (*see People v Cintron*, 95 NY2d 329, 332; *People v Contes*, 60 NY2d 620, 621), establishes that defendant punched or threw the victim onto the pavement of a parking lot and that, as a result, the back of the victim's head struck the pavement. Defendant then jumped on top of the victim and punched him repeatedly in the face, fracturing the victim's nasal and orbital bones. Defendant, who was wearing boots, thereafter kicked the victim in the side of the head as the victim lay unconscious on the ground. There was, however, no evidence of any injury to the side of the victim's head, and the physician who treated the victim in the emergency room did not testify that the kick to the side of the head caused or contributed to any injury sustained by the victim. The evidence thus fails to establish that the kick to the side of the victim's head was a "sufficiently direct cause of the victim's injuries" and is therefore legally insufficient to sustain the conviction of assault in the second degree (*People v Torres*, 267 AD2d 715, 715; *see also People v Alvarado*, 262 AD2d 710, 711; *People v Darrow*, 260 AD2d 928). We further conclude, however, that the evidence is legally sufficient to establish defendant's guilt of the lesser included offense of attempted assault in the second degree (§§ 110.00, 120.05 [2]; *see* CPL 470.15 [2] [a]; *see also Torres*, 267 AD2d at 715). We therefore modify the judgment by reducing the conviction of assault in the second degree to attempted assault in the second degree, and we remit the matter to Wayne County Court for sentencing on that conviction. We have examined defendant's remaining contention and conclude that it lacks merit. Present—Wisner, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.