■ In the Matter of the Claim of Rajagopala S. Raghaven-dra, Appellant. Commissioner of Labor, Respondent. [863 NYS2d 278]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 23, 2007, which, upon reconsideration, adhered to its prior decision ruling, among other things, that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Following claimant's termination from Columbia University, the Department of Labor issued initial determinations that, among other things, disqualified him from receiving unemployment insurance benefits and charged him with a recoverable overpayment. Claimant requested a hearing. After claimant's default and a reopening at his request, he refused to submit to cross-examination and withdrew his request to reopen the case. The Administrative Law Judge (hereinafter ALJ) sustained the initial determinations and this decision was upheld by the Unemployment Insurance Appeal Board. Upon reconsideration, the Board adhered to its prior decision. Claimant now appeals.

The parties to an unemployment insurance case have the right to call and cross-examine witnesses and to request that additional, relevant witnesses be subpoenaed (see 12 NYCRR 461.4 [c]). After giving redirect testimony at the hearing, claimant refused to be cross-examined unless the ALJ first subpoenaed certain witnesses. The ALJ declined to rule upon the subpoena request until after claimant was cross-examined and further advised claimant that his prior testimony would not be considered unless he submitted to cross-examination. In response, claimant withdrew his request to reopen the case. Given his persistence in refusing to be cross-examined and the fact that the withdrawal occurred before the ALJ ruled upon his subpoena request, claimant may not now claim that he was improperly denied the right to examine witnesses (see generally Matter of Palmer [Rescue Mission Alliance of Syracuse—Commissioner of Labor], 273 AD2d 525, 526 [2000]). Moreover, we find no merit to claimant's assertion that he was denied the right to counsel at the hearing inasmuch as he clearly communicated his desire to represent himself at the final hearing. Claimant's remaining contentions have been considered and are unpersuasive.

Cardona, P.J., Peters, Rose, Kane and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.