THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNATHAN FRAZIER, Appellant. [986 NYS2d 249]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered April 5, 2010, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, (1) by vacating the conviction of assault in the first degree and the sentence imposed thereon, and dismissing that count of the indictment, and (2) by vacating the sentence imposed on the conviction of criminal possession of a weapon in the second degree; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing on the conviction of criminal possession of a weapon in the second degree.

We agree with the defendant that the evidence was not legally sufficient to establish his guilt of assault in the first degree under count four of the indictment, which is predicated on the

theory that the defendant caused serious physical injury to the complainant by means of a handgun with intent to cause such injury to a different person (*see* Penal Law § 120.10 [1]). The evidence was not legally sufficient to establish that the defendant, as opposed to another shooter at the scene, fired the bullet that caused the complainant's serious physical injury (*see People v Dlugash*, 41 NY2d 725, 730-731 [1977]; *People v Petrosino*, 299 AD2d 851, 851-852 [2002]; *People v King*, 265 AD2d 678, 680 [1999]; *People v Alvarado*, 262 AD2d 710, 711 [1999]; *People v Darrow*, 260 AD2d 928, 929 [1999]). The defendant was not charged under an accomplice theory with respect to count four. Accordingly, the defendant's conviction of assault in the first degree and the sentence imposed thereon must be vacated, and count four of the indictment must be dismissed. Under the circumstances here, we also vacate the sentence imposed on the conviction of criminal possession of a weapon in the second degree and remit the matter to the Supreme Court, Kings County, for resentencing on that conviction (*see* CPL 470.20 [3]; *People v Cohen*, 50 NY2d 908, 910 [1980]; *People v Stuart*, 123 AD2d 46, 54 [1986]). We express no opinion as to the sentence to be imposed.

In light of our determination, we need not reach the defendant's remaining contentions. Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.