People v Acevedo (2020 NY Slip Op 05909)





People v Acevedo


2020 NY Slip Op 05909


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2015-03616
 (Ind. No. 2154/13)

[*1]The People of the State of New York, respondent,
v
Julio Acevedo, appellant.


Edelstein & Grossman, New York, NY (Jonathan I. Edelstein of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered April 13, 2015, convicting him of manslaughter in the second degree (two counts), criminally negligent homicide, and leaving the scene of an incident without reporting (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, (1) by vacating the convictions of manslaughter in the second degree under counts 1 and 2 of the indictment and the conviction of criminally negligent homicide under count 7 of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment, and (2) by vacating the sentences imposed on the convictions of leaving the scene of an incident without reporting under counts 4 and 10 of the indictment; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing on the convictions of leaving the scene of an incident without reporting.
This case arises out of a two-car collision which occurred on March 3, 2013, shortly after midnight, at the intersection of Kent Avenue and Wilson Street in Brooklyn. The defendant was driving a BMW northbound on Kent Avenue when his vehicle struck the driver's side of a Toyota Camry in the process of making a left turn from Wilson Street onto Kent Avenue, resulting in the deaths of two passengers who had been seated in the rear of the Toyota Camry, one of whom was pregnant, and the death of the unborn child. The People presented evidence at trial that at the time of the collision, the defendant was driving around 60 to 70 miles per hour, which was at least twice over the speed limit of 30 miles per hour. In contrast, the defendant presented testimony that his speed at the time of the collision was approximately 40 miles per hour.
The People also presented testimony that shortly before the collision, Heidi Lauren Duke was driving northbound on Kent Avenue, which had three lanes for traffic moving in that direction. Duke testified that she moved from the right lane into the middle lane to pass a slowing fire truck, and then she observed the defendant's vehicle approaching "very fast" from behind, "swerving around" her vehicle into the left lane to pass her. Duke estimated that the defendant was driving at 40 to 50 miles per hour while moving into the left lane, and after moving into that lane, his vehicle sped up to "at least 60 or 70." Duke indicated that she then moved her vehicle into the [*2]left lane behind the defendant's vehicle, and she observed the defendant's vehicle "pause[ ]" to stop at a red traffic signal. Duke stated that when the traffic signal turned green, the defendant's vehicle "took off . . . out of sight," and "a couple seconds" later, she saw an "explosion" ahead, and she proceeded to the location of the collision about five blocks past the traffic signal. Duke indicated that there were "no more lights" between the traffic signal and the location of the collision.
Following the trial, the defendant was convicted of manslaughter in the second degree (two counts), criminally negligent homicide, and leaving the scene of an incident without reporting (two counts). On appeal, the defendant contends, inter alia, that the evidence was legally insufficient to establish his guilt of manslaughter in the second degree and criminally negligent homicide.
In evaluating whether evidence presented at trial was legally sufficient, a court must "determine whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evidence at trial" (People v Bleakley, 69 NY2d 490, 495; see People v Contes, 60 NY2d 620, 621). Here, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d at 621), we find that it was legally insufficient to establish the defendant's guilt of manslaughter in the second degree and criminally negligent homicide beyond a reasonable doubt.
A person is guilty of manslaughter in the second degree when he or she "recklessly causes the death of another person" (Penal Law § 125.15[1]). Further, a person is guilty of criminally negligent homicide when, "with criminal negligence," he or she causes the death of another person (Penal Law § 125.10). The mental states of recklessness and criminal negligence "[b]oth require that there be a 'substantial and unjustifiable risk' that death or injury will occur; that the defendant engage in some blameworthy conduct contributing to that risk; and that the defendant's conduct amount to a 'gross deviation' from how a reasonable person would act" (People v Asaro, 21 NY3d 677, 684). "[T]he culpable risk-creating conduct necessary to support a finding of recklessness or criminal negligence generally requires 'some additional affirmative act' aside from 'driving faster than the posted speed limit'" (People v Asaro, 21 NY3d at 684, quoting People v Cabrera, 10 NY3d 370, 377).
Here, the evidence was legally insufficient to establish "the kind of seriously condemnatory behavior" in addition to speeding that is necessary to "transform 'speeding' into 'dangerous speeding'" (People v Cabrera, 10 NY3d 377, 378; see People v Perry, 70 NY2d 626; People v Pino, 162 AD3d 910, 912). While Duke testified that the defendant's vehicle "swerv[ed] around" her into the left lane to pass, she did not testify that the defendant's vehicle came close to hitting her vehicle, that she had to engage in any evasive measures to avoid an accident, that there were any vehicles in the left lane when the defendant moved into it, or that the defendant swerved back in front of her after passing her (cf. People v Keller, 77 AD3d 852). Rather, Duke testified that after the defendant moved into the left lane, she waited for him to pass before getting into the left lane behind him. Moreover, Duke testified that the defendant was driving at a slower rate while moving into the left lane to pass her before speeding up after he moved into the left lane, and that the defendant obeyed a red traffic signal, pausing and not again accelerating until the traffic signal "turned green." Duke also stated that there were "no more lights" between that traffic signal and the location of the accident, and thus, there is no indication that the defendant disregarded any red traffic signals. Further, the People presented no evidence that the defendant proceeded in disregard of a warning to slow down or of a dangerous driving condition (cf. People v Garner, 144 AD3d 940). Evidence was presented that Kent Avenue, which is partly situated in an industrial area, is not a busy road and generally has "very few cars" on it around the time when the accident occurred. Thus, the People failed to establish that the defendant engaged in "some additional affirmative act aside from driving faster than the posted speed limit," as required to support a finding of recklessness or criminal negligence (People v Asaro, 21 NY3d at 684 [internal quotation marks omitted]).
In light of our determination that the verdict of guilt on the counts of manslaughter in the second degree and criminally negligent homicide is not supported by legally sufficient evidence, we need not consider the defendant's contention that the verdict as to those counts is against the weight of the evidence (see People v Terry, 169 AD3d 938, 940).
However, contrary to the defendant's contention, we find that the evidence was legally sufficient to establish the defendant's guilt of leaving the scene of an incident without reporting beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d at 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on the counts of leaving the scene of an incident without reporting is not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Under the circumstances, we vacate the sentences imposed on the convictions of leaving the scene of an incident without reporting, and remit the matter to the Supreme Court, Kings County, for resentencing on those convictions (see People v Frazier, 117 AD3d 1077, 1078; People v Stuart, 123 AD2d 46, 54). We express no opinion as to the sentences to be imposed for those convictions.
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., MASTRO, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court