Matter of Jean-Pierre v Brookdale Hosp. Med. Ctr. (2021 NY Slip Op 00065)





Matter of Jean-Pierre v Brookdale Hosp. Med. Ctr.


2021 NY Slip Op 00065


Decided on January 7, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 7, 2021

530449

[*1]In the Matter of the Claim of Marie Anite Jean-Pierre, Claimant,
v
Brookdale Hospital Medical Center et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: November 24, 2020

Before: Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Foley, Smit, O'Boyle & Weisman, Hauppauge (Theresa E. Wolinski of counsel), for appellants.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for respondent.



Lynch, J.P.
Appeal from a decision of the Workers' Compensation Board, filed April 9, 2019, which ruled that claimant sustained accidental injuries arising out of and in the course of her employment and awarded her workers' compensation benefits.
Claimant worked at a hospital located in a medical office complex in Brooklyn. At 11:30 p.m. on August 6, 2018, as claimant was leaving the complex after finishing her shift, she was assaulted by an unknown assailant. As a result of the assault, she sustained injuries to her left shoulder, elbow, hand and wrist and a laceration to her left cheek, and she also suffered from emotional distress. Her claim for workers' compensation benefits was controverted by the employer and its third-party administrator on the ground that claimant's injuries did not arise out of and in the course of her employment. Following a hearing, a Workers' Compensation Law Judge found that the claim was compensable and established it for injuries to claimant's left shoulder, left elbow, left wrist and face, and for acute stress reaction. The Workers' Compensation Board affirmed this decision, and this appeal ensued.
Initially, "[w]hether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of De La Cruz v Aufiero Painting Indus. Inc., 185 AD3d 1330, 1330-1331 [2020] [internal quotations marks and citations omitted]; see Matter of Docking v Lapp Insulators LLC, 179 AD3d 1275, 1275-1276 [2020]). To be compensable, "an accidental injury must arise out of and in the course of a claimant's employment" (Matter of Docking v Lapp Insulators LLC, 179 AD3d at 1276; see Matter of Larosa v ABC Supply Co., Inc., 159 AD3d 1321, 1321-1322 [2018]; see also Workers' Compensation Law § 2 [7]). "Accidents that occur on a public street away from the place of employment and outside working hours generally are not considered to arise out of and in the course of employment" (Matter of McLeod v Ground Handling, Inc., 92 AD3d 1074, 1074 [2012] [citations omitted]; see Matter of Stratton v New York State Comptroller, 112 AD3d 1081, 1082 [2013]).
Claimant was assaulted about 15 minutes after she and a coworker had ended their shifts and were leaving the medical office complex. Claimant testified that she exited through the emergency department, crossed Rockaway Parkway and was assaulted on the public sidewalk at the northwest corner of Linden Boulevard and Rockaway Parkway near the hospital's urgent care department. After being assaulted, claimant fell in a grassy area that is part of the complex. The Board focused on the location of the assault "within the employer's multi-building complex" and that she fell onto the grassy area owned by the employer. In other words, claimant was still effectively on the employer's premises when she was assaulted and, therefore, her injuries occurred within the precincts of her employment. In light [*2]of the foregoing, we find that the Board's determination that claimant's assault arose out of and in the course of her employment so as to be compensable is supported by substantial evidence (see Matter of Boston v Medical Servs. for Women, 215 AD2d 845, 845 [1995], lv denied 86 NY2d 706 [1995]; Matter of Marquette v New York Tel. Co., 122 AD2d 479, 480 [1986]; Matter of Slade v Perkins, 42 AD2d 667, 668 [1973], affd 33 NY2d 988 [1974]; Matter of Conyers v Bar, 38 AD2d 987, 987 [1972]).
Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.