People v Cardona (2022 NY Slip Op 04733)

People v Cardona

2022 NY Slip Op 04733

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.

2018-08828
2021-03054
2021-03055

[*1]The People of the State of New York, respondent,
v
Gregory Cardona, appellant. (Ind. Nos. 12-00155, 17-00448,)

Van Lindt & Taylor, New Rochelle, NY (John Van Lindt and Robert B. Taylor of counsel), for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from (1) an amended judgment of the County Court, Orange County (Robert H. Freehill, J.), rendered December 19, 2017, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated conditions thereof, after a hearing, and sentencing him to an indeterminate term of imprisonment of 2 to 6 years upon his previous conviction of grand larceny in the third degree under Superior Court Information No. 12-00608, (2) an amended judgment of the same court, also rendered December 19, 2017, as further amended June 27, 2018, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated conditions thereof, after a hearing, and sentencing him to an indeterminate term of imprisonment of 2 to 6 years upon his previous conviction of forgery in the second degree, and an indeterminate term of imprisonment of 1&frac13; to 4 years upon his previous conviction of grand larceny in the fourth degree, under Indictment No. 12-00155, with the sentences on those convictions to run concurrently with each other and consecutively to the sentence imposed on the conviction of grand larceny in the third degree, and (3) a judgment of the same court rendered June 19, 2018, convicting him of criminally negligent homicide and reckless driving, upon a jury verdict, under Indictment No. 17-00448, and imposing sentence. The appeal from the judgment brings up for review the denial, without a hearing, of the defendant's motion to controvert a search warrant.
ORDERED that the judgment is reversed, on the facts and as a matter of discretion in the interest of justice, Indictment No. 17-00448 is dismissed, and the matter is remitted to the County Court, Orange County, for the purpose of entering an order in its discretion pursuant to CPL 160.50 with respect to that indictment; and it is further,
ORDERED that the amended judgments are modified, as a matter of discretion in the interest of justice, by providing that the sentences shall all run concurrently with each other; as so modified, the amended judgments are affirmed.
Preliminarily, the specific arguments the defendant now makes to support his contention that the County Court erred in denying his motion to controvert a search warrant are unpreserved for appellate review, since they were not raised before the suppression court (see CPL 470.05[2]; People v Panton, 27 NY3d 1144, 1145; People v Summerville, 138 AD3d 897, 897). In any event, the court properly concluded that the search warrant was supported by probable cause (see People v Lambey, 197 AD3d 728; People v Bryant, 195 AD3d 744, 745).
The defendant's convictions under Indictment No. 17-00448 arise out of a single-car collision which occurred sometime during, or around, the early morning of August 30, 2016. The evidence at trial indicated that the defendant was driving westbound on Route 84 in Orange County when he proceeded to the exit ramp connecting that highway with Route 17 west. The defendant lost control of the vehicle while navigating the exit ramp, which resulted in his vehicle going down the shoulder embankment and crashing into a tree. The defendant's passenger died as a result of the crash.
At trial, the People presented evidence that the defendant entered the exit ramp traveling at approximately 74 miles per hour, which exceeded the exit ramp's posted recommended speed of 45 miles per hour and the posted highway speed limit of 65 miles per hour. The People's accident reconstruction witnesses attributed excessive speed, and the defendant's late corrective efforts to navigate the curved profile of the exit ramp by manually steering the wheel, as the reasons why the defendant lost control of the vehicle resulting in the crash.
Following the trial, the defendant was convicted of criminally negligent homicide and reckless driving. On appeal, the defendant contends, inter alia, that the evidence was legally insufficient to establish his guilt of criminally negligent homicide and reckless driving.
The defendant's contention that the evidence was legally insufficient to support his convictions of criminally negligent homicide and reckless driving is unpreserved for appellate review (see CPL 470.50[2]; People v Lane, 7 NY3d 888, 889; People v Hines, 97 NY2d 56, 61). Nevertheless, we reach the issue in the exercise of our interest of justice jurisdiction (see CPL 470.15[3][c]). In evaluating whether evidence presented at trial was legally sufficient, a court must "determine whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the [fact-finder] on the basis of the evidence at trial" (People v Bleakley, 69 NY2d 490, 495; see People v Contes, 60 NY2d 620, 621). Here, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d at 621), we find that it was legally insufficient to establish the defendant's guilt of criminally negligent homicide and reckless driving beyond a reasonable doubt.
A person is guilty of criminally negligent homicide when, "with criminal negligence," he or she causes the death of another person (Penal Law § 125.10). A person is guilty of reckless driving when a person operates a motor vehicle "or any appliance or accessory thereof in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway" (Vehicle and Traffic Law § 1212). The mental states of criminal negligence and recklessness "[b]oth require that there be a substantial and unjustifiable risk that death or injury will occur; that the defendant engage in some blameworthy conduct contributing to that risk; and that the defendant's conduct amount to a gross deviation from how a reasonable person would act" (People v Asaro, 21 NY3d 677, 684 [internal quotation marks omitted]; see People v Gaworecki, 37 NY3d 225, 231; People v Cabrera, 10 NY3d 370, 377). "[T]he culpable risk-creating conduct necessary to support a finding of recklessness or criminal negligence generally requires 'some additional affirmative act' aside from 'driving faster than the posted speed limit'" (People v Asaro, 21 NY3d at 684, quoting People v Cabrera, 10 NY3d at 377).
Here, the evidence was legally insufficient to establish "the kind of seriously condemnatory behavior" (People v Cabrera, 10 NY3d at 378) in addition to speeding that is necessary to "transform 'speeding' into 'dangerous speeding'" (id. at 377; see People v Acevedo, 187 AD3d 1030, 1032). The People's evidence established only that the defendant attempted to navigate the curved profile of the exit ramp at an excessive speed, and was late in attempting corrective [*2]measures by manually steering the wheel. While this conduct reflected poor judgment in the defendant's operation of his vehicle given the roadway environment (see People v Cabrera, 10 NY3d at 378; People v Acevedo, 187 AD3d at 1032; see also People v McGrantham, 12 NY3d 892, 894), it failed to establish that the defendant engaged in "some additional affirmative act aside from driving faster than the posted speed limit," as required to support a finding of criminal negligence or recklessness (People v Asaro, 21 NY3d at 684 [internal quotation marks omitted]). Accordingly, we vacate the convictions of criminally negligent homicide and reckless driving under counts 1 and 3 of Indictment No. 17-00448 and the sentences imposed thereon, and dismiss those counts of the indictment.
In light of our determination, the defendant's contention that the County Court incorrectly charged the jury with criminally negligent homicide and reckless driving is academic.
On the appeals from the amended judgments, the defendant's contention that he was entitled to an adjournment of the violation of probation hearing is without merit (see People v Sacco, 44 AD3d 1076, 1077). The defendant's contention that the laboratory test results admitted into evidence at the violation of probation hearing lacked a foundation is unpreserved for appellate review (see CPL 470.05[2]; People v Hernandez, 186 AD3d 1246), and we decline to reach it in the exercise of our interest of justice jurisdiction (see CPL 470.15[6]).
Contrary to the defendant's contention, the County Court properly concluded, based upon a preponderance of the evidence presented at a violation of probation hearing (see CPL 410.70[1], [3], [4]; People v Herring, 178 AD3d 1073, 1073), that he violated the terms and conditions of his probation by being re-arrested, and by using marijuana (see People v Stahl, 113 AD3d 640, 641). Nevertheless, the sentences imposed upon the amended judgments were excessive to the extent indicated herein.
The People's remaining contentions are not properly before this Court.
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court