Matter of Mercedes (Commissioner of Labor) (2025 NY Slip Op 00812)

Matter of Mercedes (Commissioner of Labor)

2025 NY Slip Op 00812

Decided on February 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 13, 2025

CV-24-0105
[*1]In the Matter of the Claim of Yojanna Mercedes, Appellant. Commissioner of Labor, Respondent.

Calendar Date:January 14, 2025

Before:Aarons, J.P., Pritzker, Lynch, Ceresia and Powers, JJ.

New York Legal Assistance Group, New York City (Ciara Farrell of counsel), for appellant.
Letitia James, Attorney General, New York City (Mary Hughes of counsel), for respondent.

Ceresia, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 13, 2023, which, upon reopening and reconsideration, rescinded its prior decision and ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.
In March 2020, claimant was working as a home attendant for All American Homecare Agency Inc. At that time, claimant was also employed elsewhere. Claimant lost the other job in March 2020 due to the COVID-19 pandemic, but maintained her employment with All American. In May 2020, claimant applied for unemployment insurance benefits effective March 9, 2020. Claimant thereafter certified online for benefits for the weeks ending March 22, 2020 to March 14, 2021, certifying that she did not work any days or have any earnings during that time, despite the fact that she continued to work for All American. On March 14, 2021, after her benefit year had ended, claimant filed another claim for unemployment insurance benefits. The Department of Labor determined that claimant was not entitled to a new claim but put her back on the claim that was effective on March 9, 2020. Claimant continued to certify for benefits while still employed with All American. As a result of her certifications, claimant received unemployment insurance benefits, federal unemployment benefits under the Coronavirus Aid, Relief and Economic Security Act of 2020 (the CARES Act) (see 15 USC § 9021), as well as Lost Wage Assistance (hereinafter LWA) pursuant to 44 CFR 206.120.
In May 2022, the Department issued an initial determination finding that claimant was ineligible to receive unemployment insurance benefits from March 22, 2020 to August 1, 2021 and from August 9, 2021 to September 5, 2021 because she was not totally unemployed during that time. In a separate determination issued in May 2022, the Department found claimant to be ineligible to receive benefits from August 2, 2021 to August 8, 2021 because she was not available for employment that week. As a result of these determinations, the Department charged claimant with recoverable overpayments of unemployment insurance benefits, as well as recoverable overpayments of federal benefits under the CARES Act and LWA, and imposed a monetary penalty and reduced claimant's right to receive future benefits by 360 effective days on the basis that she made willful misrepresentations to obtain benefits.
Following a hearing, an Administrative Law Judge (hereinafter ALJ) sustained the Department's finding of recoverable overpayments of unemployment insurance benefits and the federal benefits for all time periods in question. As to the monetary and forfeiture penalties, the ALJ found that claimant did not make willful misrepresentations to obtain benefits during the weeks ending March 22, 2020 to April 26, 2020 because the Department's representative conceded during the hearing that, in May 2020 when claimant had retroactively certified for [*2]benefits for that time period, the form she had been provided was written in English when she had declared in her claim application that her primary language was Spanish. Crediting claimant's testimony that she did not understand what the form required of her, the ALJ reduced the forfeiture penalty to 352 days and sent the matter back to the Department for a recalculation of the monetary penalty. In a decision filed March 9, 2023, the Unemployment Insurance Appeal Board affirmed the ALJ's determination.
By decision filed June 13, 2023, the Board granted claimant's application for a reopening and reconsideration of its March 2023 decision. Upon reconsideration, the Board rescinded its prior decision and modified the ALJ's finding regarding claimant's lack of willful misrepresentations to include the entire period from March 22, 2020 to March 14, 2021, concluding that she had not made willful misrepresentations during that time because she was only presented with online certification questions in English, and remitted the matter back to the Department for a recalculation of the monetary and forfeiture penalties. Otherwise, the Board affirmed the initial determinations charging claimant with recoverable overpayments of unemployment insurance benefits and federal benefits, as well as the penalties imposed for the week of August 2, 2021 to August 8, 2021. Claimant appeals.
Claimant contends that recovery of the unemployment insurance benefits and the benefits under the CARES Act paid for the time period of March 22, 2020 to March 14, 2021 is precluded by Labor Law § 597 (3).[FN1] Labor Law § 597 (3) imposes a one-year limitation on the review of determinations regarding unemployment insurance benefit claims, "in the absence of fraud or willful misrepresentations." Inasmuch as the Department issued its initial determination on this issue in May 2022, and the Board concluded that claimant had not made any willful misrepresentations when certifying for benefits between March 22, 2020 and March 14, 2021, claimant contends that the Board does not have jurisdiction to recover the benefits paid during that time period. Initially, contrary to claimant's contention, the provisions of Labor Law § 597 (3) do not apply to the recovery of federal benefits (see 20 CFR 625.14 [a], [e]; Matter of Svarczkopf [Commissioner of Labor], 233 AD3d 1117, 1120 [3d Dept 2024]; see generally Matter of Bellantoni [Commissioner of Labor], 219 AD3d 1106, 1108 [3d Dept 2023], lv denied 41 NY3d 1014 [2024]). As to whether Labor Law § 597 (3) precludes the recovery of unemployment insurance benefits paid during the time period in question, claimant raised this issue at the hearing, in her appeal of the ALJ's decision to the Board and in her application for reopening of the Board's decision. However, neither the ALJ nor the Board made any mention, let alone any findings, regarding Labor Law § 597 (3) and its ramifications on the unemployment insurance benefits paid during the time period [*3]in question. This issue is relevant in determining whether those benefits may be recovered and must be passed upon by the Board. Our review of Board decisions "is limited and we are not permitted to surmise, speculate or substitute our judgment for that of the Board. Moreover, failure of the [Board] to set forth an adequate statement of the factual basis forecloses the possibility of fair judicial review" (Matter of Panek [City of Syracuse-Roberts], 111 AD2d 466, 466 [3d Dept 1985]; see Matter of Montauk Improvement v Proccacino, 41 NY2d 913, 914 [1977]). Accordingly, we withhold decision and remit this matter to the Board for consideration of this issue.
Aarons, J.P., Pritzker, Lynch and Powers, JJ., concur.
ORDERED that the decision is withheld, and matter remitted to the Unemployment Insurance Appeal Board for the issuance of a new decision within 60 days, in accordance with this Court's decision.

Footnotes

Footnote 1: Claimant does not challenge the recovery of the overpayments of benefits, or the forfeiture and monetary penalties imposed, for the weeks ending March 21, 2021 through September 5, 2021, including the week of August 2, 2021 to August 8, 2021.