■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELTON SEELEY, Appellant. [804 NYS2d 287]—

Judgments, Supreme Court, New York County (Budd G. Goodman, J., on initial severance motion; Ronald A. Zweibel, J., on renewed severance motions and at jury trial and sentence), rendered July 23, 2001, convicting defendant of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, consecutive to a term of 1 to 3 years for violation of probation, unanimously affirmed.

The motion and trial courts properly exercised their respective discretion in denying defendant's severance motions (*see People v Mahboubian*, 74 NY2d 174, 183 [1989]). Defendant did not establish that, had he testified, he would have given the codefendant an incentive to subject him to prejudicial cross-examination (*see People v Frazier*, 309 AD2d 534 [2003], *lv denied* 1 NY3d 571 [2003]; *People v Roman*, 303 AD2d 176 [2003], *lv denied* 100 NY2d 565 [2003]), or that severance was warranted because of antagonistic defenses. The defenses of defendant and the codefendant were not in irreconcilable conflict with each other since each asserted that although he was in the vicinity of a drug transaction, he was not involved. In that regard, the codefendant's attorney asserted that his client did nothing to assist the "perpetrator," who might or might not have been defendant, while defendant's attorney urged that his client was framed by the police who had lost the actual seller. These defenses were perfectly compatible, in that they permitted, and invited, the jury to conclude that the actual seller was not defendant, and also that the codefendant did not assist the unknown and unapprehended actual seller. Furthermore, the codefendant's attorney did not take an aggressive adversarial stance against defendant or elicit damaging evidence that had not been brought out by the People (*compare People v Cardwell*, 78 NY2d 996 [1991]).

We have considered and rejected defendant's remaining arguments. Concur—Saxe, J.P., Marlow, Williams, Sweeny and Catterson, JJ.