■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS TUCKER, Appellant. [822 NYS2d 126]—Application by the appellant for a writ of coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated October 3, 1994 (*People v Tucker*, 208 AD2d 575 [1994]), affirming a judgment of the Supreme Court, Kings County, rendered October 23, 1990. By decision and order of this Court dated December 7, 2004, the appellant was granted leave to serve and file a brief on the issue of whether the imposition of consecutive sentences for his convictions of robbery in the first degree and murder in the second degree was illegal, and the coram nobis application was held in abeyance in the interim. The parties have now filed their respective briefs.

Ordered that the application is granted, and the decision and order of this Court dated October 3, 1994 is vacated; and it is further,

Ordered that the judgment is modified, on the law, by providing that the term of imprisonment imposed upon the conviction of murder in the second degree (felony murder) shall run concurrently with the term of imprisonment imposed upon the conviction of robbery in the first degree; as so modified, the judgment is affirmed.

The defendant's motion for a trial order of dismissal was not specific enough to preserve the issue of legal sufficiency for appellate review (*see* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 250 [1989]). In any event, viewed in the light most favorable to the *prosecution (see People v Contes,* 60 NY2d 620 [1983]), the circumstantial evidence of the defendant's guilt naturally flowed from the facts proved, was consistent with them, and excluded to a moral certainty every reasonable hypothesis of innocence (*see People v Benzinger,* 36 NY2d 29, 32 [1974]; *People v Tedesco,* 143 AD2d 155 [1988]). In addition, upon the exercise of our factual review power, we find that the jury verdict was not against the weight of the evidence (*see* CPL 470.15 [5]).

Further, under no reasonable view of the evidence could the jury find that the defendant would be able to establish an affirmative defense to the charge of felony murder under Penal Law § 125.25 (3). Therefore, the trial court did not err when it denied its request for such a charge (*see People v Butts,* 72 NY2d 746 [1988]).

However, as the People concede, the defendant's sentence imposed upon the conviction of murder in the second degree (felony murder) must be modified to run concurrently with the sentence imposed upon the conviction of robbery in the first degree, as the robbery constituted the underlying felony for the felony murder conviction, and was a material element of that crime (*see People v Laureano,* 87 NY2d 640 [1996]; *People v Riley,* 309 AD2d 879 [2003]; *People v Leftenant,* 22 AD3d 603 [2005]; *People v Benitez,* 281 AD2d 487 [2001]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Florio, Ritter and Santucci, JJ., concur.