■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GARCIA, Appellant. [850 NYS2d 34]—

Judgment, Supreme Court, New York County (Bernard J. Fried, J.), rendered April 30, 2001, convicting defendant of sexual abuse in the first degree, seven counts of assault in the second degree, and seven counts of riot in the first degree, and sentencing him to eight terms of $2^{1/2}$ years and seven terms of $1^{1/2}$ to 4 years, all to run concurrently, unanimously affirmed. Order, same court (William A. Wetzel, J.), entered on or about July 1, 2004, which adjudicated defendant a level two sex offender under the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). The court properly found that the nondiscriminatory reasons provided by the prosecutor for the challenges in question were not pretextual. The court's determination turned on its evaluation of the prosecutor's credibility, and we find no reason to disturb the court's resolution of that issue, which is entitled to great deference on appeal (*see People v Hernandez*, 75 NY2d 350, 356 [1990], *affd* 500 US 352 [1991]).

The court did not err in receiving the testimony of numerous women who were victims of the riotous conduct involved in the incident, but who did not specifically implicate defendant or his jointly tried codefendants. As defendant concedes, this testimony was generally relevant to establish essential elements of the crime of riot in the first degree (Penal Law § 240.06). The large number of such witnesses also tended to refute defense claims that defendant or either of his codefendants was unaware he was participating in violent and riotous conduct as opposed to playful behavior. As such, the court properly exercised its discretion in finding that the probative value of these witnesses outweighed any prejudicial effect (*see generally People v Primo*, 96 NY2d 351, 355 [2001]).

With respect to defendant's civil appeal from his sex offender adjudication, we find that the court properly found him to be a level two offender. The court properly assessed defendant 15 points under the risk factor for causing physical injury. While

such injury related to the charges of riot and assault, which did not charge a sexual component, defendant's convictions under these counts encompassed conduct that contributed to and was inextricably related to sexual assaults, and was the same conduct that resulted in the sexual assault of which defendant was convicted, even though that victim was not physically injured. This conduct was proven by clear and convincing evidence, by defendant's assault and riot convictions (*see* Correction Law § 168-n [3]). The court also properly assessed 15 points under the risk factor for nonacceptance of responsibility and refusal of treatment. Defendant's refusal of treatment was established by clear and convincing evidence through his own admission and the case summary (*see People v Warren*, 42 AD3d 593, 594 [2007], *lv denied* 9 NY3d 810 [2007]). The court was not required to accept defendant's explanation for refusing treatment. There is no reason to remand for further fact-finding, since defendant was offered a two-week adjournment to bring in any additional evidence he desired, but declined. Concur—Lippman, P.J., Mazzarelli, Gonzalez, Sweeny and McGuire, JJ.