■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVE ROSADO, Appellant. [862 NYS2d 41]—

Judgment, Supreme Court, New York County (Robert H. Straus, J.), rendered August 30, 2005, convicting defendant, after a jury trial, of rape in the second degree (four counts), rape in the third degree (four counts), and endangering the welfare of a child (two counts), and sentencing him, as a second felony offender, to an aggregate term of $4^{1}/_{3}$ to 11 years, unanimously affirmed.

Pursuant to our remand directing further proceedings to allow the People an opportunity to offer ethnicity-neutral reasons for their exercise of peremptory challenges (45 AD3d 508 [2007]), Supreme Court held a hearing at which the prosecutor proffered reasons for the subject challenges that the court concluded were facially neutral and not pretextual. The court's findings at the hearing, which rested upon its assessment of the prosecutor's credibility, are entitled to great deference (*People v Frederick*, 48 AD3d 382 [2008]; *People v Garcia*, 47 AD3d 428 [2008], *lv denied* 10 NY3d 708 [2008]), and we discern no reason to disturb them.

With respect to its *Sandoval* ruling, Supreme Court provi-

dently exercised its discretion in permitting the People to ask defendant, in the event he testified, if he had been convicted of possession of a sexual performance by a child, i.e., possessing child pornography (Penal Law § 263.16), without permitting them to inquire as to the underlying facts of the conviction or the fact that defendant was on probation (*see People v Bailey*, 50 AD3d 343 [2008]; *see also People v Hayes*, 97 NY2d 203 [2002]; *People v Bennette*, 56 NY2d 142, 148 [1982] [defendant's prior conviction for sodomy relevant on issue of his veracity; "(a) person ruthless enough to sexually exploit a child may well disregard an oath and resort to perjury if he perceives that to be in his self-interest"]).

Similarly, Supreme Court providently exercised its discretion in limiting the scope of defendant's cross-examination of the complainant with respect to a complaint she made to the Administration for Children's Services (ACS) against her father containing accusations "of a sexual nature." The only argument advanced by defendant in support of this line of cross-examination was that a shared history of abuse—defendant claimed that he, too, had been abused—made it more likely that his relationship with the underage victim was nonsexual. The court, however, reasonably concluded that the limited probative value of cross-examination on this subject was outweighed by the possibility that it would confuse the main issue in the case, i.e., whether defendant and the complainant had intercourse, and mislead the jury (*see People v Corby*, 6 NY3d 231 [2005]). With respect to the ruling barring cross-examination about the letters the complainant wrote to defendant, defendant repeatedly indicated that he was not seeking to cross-examine the complainant about the content of the letters. Accordingly, the court properly concluded that the proposed cross-examination was not relevant. With respect to the ruling barring cross-examination about statements the complainant made on her Internet blog, we note that defendant never claimed that this cross-examination—or, for that matter, cross-examination about the complaint to ACS or the letters—would have tended to establish that the complainant had a motive to fabricate her testimony. Moreover, defendant was given sufficient latitude to test the complainant's credibility and impeach her testimony (*see id.*; *People v Edwards*, 19 AD3d 170 [2005], *lv denied* 5 NY3d 828 [2005]). In any event, any error in limiting the scope of defendant's cross-examination of the complainant was harmless since the evidence of his guilt—the testimony of the complainant and the testimony of several other witnesses corroborating material events testified to by the complainant—is overwhelming.

We reject defendant's contention that Supreme Court erred in discharging one of the jurors for engaging in gross misconduct of a substantial nature (*see* CPL 270.35). Upon learning that the juror had made comments about the complainant's testimony during her cross-examination and had passed a note to a court officer inquiring as to the identity of the person who had made the anonymous phone call to the police leading to defendant's arrest, the court conducted an inquiry into the juror's conduct. After hearing from the prosecutor, the prosecutor's intern, a court officer, the juror in question and two other jurors, the court concluded that the juror had, notwithstanding the court's instructions to the contrary, already formed an opinion as to both the credibility of the complainant and the "guilt or nonguilt" of defendant. Based upon the juror's responses to the court's questions and her demeanor, the court discharged her for gross misconduct. The record developed by the court's probing inquiry supports its conclusion that the juror possessed a state of mind that prevented her from rendering an impartial verdict (*see People v Rodriguez*, 71 NY2d 214, 219 [1988] ["The Trial Judge generally is accorded latitude in making the findings necessary to determine whether a juror is grossly unqualified under CPL 270.35, because that Judge is in the best position to assess partiality in an allegedly biased juror"]).

Defendant's contentions regarding the People's rebuttal evidence of telephone calls between defendant and the complainant are unpreserved for review and we decline to review them in the interest of justice. As an alternative holding, we conclude that they are meritless. Defendant's assertions that the supplemental sex offender victim fee and DNA database fee components of his sentence should be vacated are without merit. Concur—Tom, J.P., Mazzarelli, Gonzalez and McGuire, JJ.