■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAMAR HOLLOWAY, Appellant. [869 NYS2d 502]—

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. Defendant's identity was confirmed by the recovery of prerecorded buy money from his pocket upon his arrest, and defendant's argument that the evidence raises doubts about whether such a recovery was ever made is unpersuasive.

After a thorough inquiry, the court properly discharged, as grossly unqualified, a juror who informed the court that he had observed the three police witnesses at lunch together, had seen one of the officers holding a photocopy of the prerecorded buy money, and thought that the officer had lied when he testified that he had not spoken to the other witnesses about the case during lunch. The juror not only formed a premature opinion in a manner that would prevent him from serving as a fair and impartial juror (*see People v Rosado*, 53 AD3d 455, 457 [2008]), but did so on the basis of information that, although collateral (as discussed below), was not in evidence.

The court properly exercised its discretion in denying the defense request to call the discharged juror, and to recall one of the officers, to testify about the lunchtime incident. This testimony would have had nothing to do with the crimes charged, but would have instead constituted extrinsic evidence on a collateral matter, introduced for the sole purpose of impeaching credibility (*see People v Pavao*, 59 NY2d 282, 288-289 [1983]). Defendant's theory under which this testimony would allegedly fall outside the collateral matter rule is speculative. Moreover, the court did permit the defense to recall the officer who had been seen holding the copy of the buy money during lunch. That officer provided an innocuous explanation for the lunchtime incident, and there is no reason to believe that testimony by the juror or further testimony by the other officer would have affected the verdict.

Defendant's claim that he was constitutionally entitled to call the juror or recall the other officer is unpreserved (*see People v Lane*, 7 NY3d 888, 889 [2006]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]; *Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]). Finally, any error in these rulings was harmless under the standards for both constitutional and nonconstitutional error.

The court properly permitted the prosecution to introduce

$188 recovered from defendant's pocket that was not prerecorded buy money. Since defendant was charged on an accomplice theory with two additional sales, the money was admissible as evidence tending to prove that he was a participant in a drug-selling operation with his companions (*see People v Valentine*, 7 AD3d 275 [2004], *lv denied* 3 NY3d 682 [2004]).

We perceive no basis for reducing the sentence. Concur—Lippman, P.J., Gonzalez, Nardelli, Buckley and Acosta, JJ.