■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE HERNANDEZ, Also Known as MIGUEL HERNANDEZ, Appellant. [901 NYS2d 543]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (McCormack, J.), rendered April 25, 2007, convicting him of murder in the second degree and gang assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 340 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's claim of ineffective assistance of counsel, to the extent it is premised on his trial counsel's alleged failure to request a missing witness charge, involves matter which is dehors the record and is not properly presented on direct appeal

(*see People v Haynes*, 39 AD3d 562 [2007]; *People v Zimmerman*, 309 AD2d 824 [2003]; *People v Boyd*, 244 AD2d 497 [1997]). Moreover, the record indicates that defense counsel's decision not to present evidence about a codefendant's arrest and plea allocution and about photo arrays "reflects a reasonable and legitimate strategy under the circumstances and evidence presented" (*People v Benevento*, 91 NY2d 708, 713 [1998]). The record otherwise fails to support the defendant's claim of ineffective assistance of counsel since it demonstrates that trial counsel rendered meaningful representation to the defendant at all stages of the proceedings (*id.* at 714-715; *see People v Alexander*, 56 AD3d 793 [2008]).

The defendant's contention that the trial court erred in not giving the jury a missing witness charge is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Jacobs*, 65 AD3d 594 [2009]). In any event, as the defendant did not make a request for such a charge at trial, the record contains no discussions concerning this matter, a fact which precludes appellate review of this particular issue (*see People v Gonzalez*, 68 NY2d 424, 428 [1986]).

The defendant's remaining contention that he was deprived of a fair trial due to prosecutorial misconduct is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, is without merit (*see People v Berg*, 59 NY2d 294 [1983]; *People v Galloway*, 54 NY2d 396 [1981]). Dillon, J.P., Balkin, Belen and Lott, JJ., concur.