THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOYCE POWELL, Appellant. [913 NYS2d 468]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered June 12, 2007. The

judgment convicted defendant, upon a jury verdict, of burglary in the first degree (two counts) and assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her upon a jury verdict of two counts of burglary in the first degree (Penal Law § 140.30 [2], [3]) and one count of assault in the second degree (§ 120.05 [2]), defendant contends that the verdict is against the weight of the evidence. We reject that contention. Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), and according great deference to the jury's resolution of credibility issues, we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant failed to preserve for our review her further contention that Supreme Court erred in discharging a sworn juror (*see People v Ballard*, 51 AD3d 1034, 1035-1036 [2008], *lv denied* 11 NY3d 734 [2008]; *People v Coleman*, 32 AD3d 1239, 1240 [2006], *lv denied* 8 NY3d 844 [2007]), and we reject her contention that preservation is not required inasmuch as the court's allegedly erroneous determination to discharge the juror did not constitute a mode of proceedings error (*see People v Kelly*, 5 NY3d 116, 119-120 [2005]). In any event, defendant's contention concerning the court's alleged error in discharging the sworn juror is without merit. Under the circumstances of this case, we conclude that the court properly discharged the juror from service pursuant to CPL 270.35 (*see People v Holloway*, 57 AD3d 404, 405 [2008], *lv denied* 12 NY3d 784 [2009]; *People v Rosado*, 53 AD3d 455, 457 [2008], *lv denied* 11 NY3d 835 [2008], *cert denied* 556 US —, 129 S Ct 2161 [2009]; *see generally People v Buford*, 69 NY2d 290, 298-299 [1987]). Also contrary to defendant's contention, the sentence is not unduly harsh or severe.

In her pro se supplemental brief, defendant further contends that the court erred in failing to dismiss the indictment based on prosecutorial misconduct during the grand jury proceedings. We are unable to review that contention because it involves matters that are outside the record on appeal, and thus that contention is not properly before us (*see generally People v Donald*, 6 AD3d 1177 [2004], *lv denied* 3 NY3d 639 [2004]; *People v Marvin*, 216 AD2d 930 [1995], *lv denied* 86 NY2d 844 [1995]). The further contention of defendant in her pro se supplemental brief that she was denied a fair trial by prosecutorial misconduct is based primarily on alleged instances of misconduct that are

unpreserved for our review (*see People v Jones*, 63 AD3d 1582, 1583 [2009], *lv denied* 13 NY3d 797 [2009]; *People v Scission*, 60 AD3d 1391 [2009], *lv denied* 12 NY3d 859 [2009], *reconsideration denied* 13 NY3d 749 [2009]). In any event, we conclude that "any alleged misconduct was not so pervasive or egregious as to deprive defendant of a fair trial" (*People v Pruchnicki*, 74 AD3d 1820, 1822 [2010], *lv denied* 15 NY3d 855 [2010]; *see People v Milczakowskyj*, 73 AD3d 1453, 1454 [2010], *lv denied* 15 NY3d 754 [2010]).

Finally, we are unable to review the further contention of defendant in her pro se supplemental brief that she received ineffective assistance of counsel insofar as that contention is based on matters outside the record (*see People v Hernandez*, 74 AD3d 839 [2010], *lv denied* 15 NY3d 805 [2010]; *People v Slater*, 61 AD3d 1328, 1329-1330 [2009], *lv denied* 13 NY3d 749 [2009]), and we conclude on the record before us that defendant's contention is otherwise without merit (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Martoche, J.P., Centra, Fahey and Sconiers, JJ.