■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY MILLER, Appellant. [916 NYS2d 816]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered December 6, 2007, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree (three counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant possessed the intent to kill the decedent (*see* Penal Law § 125.25 [1]). The defendant's intent to cause death can be inferred from evidence that he occluded the decedent's airways both by strangling her and by shoving a knotted and folded bandana deeply into her mouth (*see People v Bonney*, 69 AD3d 1116, 1118 [2010]; *People v Delosh*, 2 AD3d 1047, 1048-1049 [2003]; *People v Tarnowski*, 148 AD2d 1001 [1989]; *cf. People v Marrero*, 67 AD2d 951 [1979]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]).

The defendant's claim of ineffective assistance of counsel, to the extent it is premised on his trial counsel's alleged failure to submit evidence of psychiatric problems and drug addiction, to investigate certain matters, and to call an expert witness, involves matter which is dehors the record and is not properly presented on direct appeal (*see People v Tellier*, 76 AD3d 684, 685 [2010], *lv denied* 15 NY3d 896 [2010]; *People v Hernandez*, 74 AD3d 839, 839-840 [2010]; *People v Haynes*, 70 AD3d 718, 719 [2010]; *People v Dashosh*, 59 AD3d 731, 731-732 [2009]; *People v Monroe*, 52 AD3d 623 [2008]; *People v Staropoli*, 49 AD3d 568 [2008]). To the extent the claim can be reviewed, and involves counsel's consent to the admissibility of the defendant's custodial statements, the defendant was afforded meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). The subject statements provided proof from which the defense could advance a theory that the homicide was accidental, and thus reflected an objectively reasonable and legitimate trial strategy under the circumstances and evidence presented (*see People v Berroa*, 99 NY2d 134, 138 [2002]; *People v Benevento*, 91 NY2d at 712-713).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]).

The defendant's remaining contentions are without merit. Dillon, J.P., Balkin, Belen and Austin, JJ., concur.