# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1012

KA 09-01372

PRESENT: CENTRA, J.P., FAHEY, SCONIERS, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V
                                         MEMORANDUM AND ORDER

PAUL A. OSBORNE, DEFENDANT-APPELLANT.

---

KATHLEEN E. CASEY, BARKER, FOR DEFENDANT-APPELLANT.

PAUL A. OSBORNE, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THERESA L. PREZIOSO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered May 11, 2009.  The judgment convicted defendant, upon a jury verdict, of murder in the second degree (three counts), robbery in the first degree (three counts), attempted robbery in the first degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree, and assault in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that the sentences imposed on counts 1 through 3 of the indictment shall run concurrently with the sentence imposed on count 12 of the indictment and as modified the judgment is affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, three counts each of murder in the second degree (Penal Law § 125.25 [1], [3] [intentional and felony murder]) and robbery in the first degree (§ 160.15 [2] - [4]), two counts of assault in the second degree (§ 120.05 [2], [6]), and one count of attempted robbery in the first degree (§§ 110.00, 160.15 [2]).  We reject defendant's contention in his main brief that County Court should have suppressed the DNA evidence.  The evidence before the court established that defendant voluntarily agreed to provide a saliva sample for DNA testing (*see People v Dail*, 69 AD3d 873, 874, *lv denied* 14 NY3d 839, 845).  "[T]he fact that the police officers did not advise the defendant . . . of [his] right to refuse consent does not, by itself, negate the consent otherwise freely given" (*People v Auxilly*, 173 AD2d 627, 628, *lv denied* 78 NY2d 1125).  Defendant's further contention in his main brief that the court should have suppressed the identification evidence of one of the witnesses is also without merit.  The People established "the reasonableness of the

police conduct and the lack of any undue suggestiveness . . . [and defendant did not meet his] ultimate burden of proving that the procedure was unduly suggestive" (*People v Chipp*, 75 NY2d 327, 335, *cert denied* 498 US 833).

Defendant in addition contends in his main brief that the court should have granted his motion to sever the trial from that of his codefendant because there was DNA and fingerprint evidence that implicated defendant but not the codefendant, and the codefendant's attorney emphasized that to the jury, in effect becoming a second prosecutor.  Inasmuch as defendant sought severance on a different ground, his present contention is not preserved for our review (*see People v Hall*, 48 AD3d 1032, 1033, *lv denied* 11 NY3d 789).  In any event, his contention is without merit.  " '[T]he fact that [the codefendant's attorney] stressed the relative weakness of the case against his client did not present an irreconcilable conflict warranting severance' " (*People v Bolling*, 49 AD3d 1330, 1332).  We further conclude that the codefendant's attorney did not act as a second prosecutor (*see id.; see generally People v Cardwell*, 78 NY2d 996, 998), inasmuch as he simply argued to the jury that there was no DNA or fingerprint evidence implicating his client (*see People v Peisahkman*, 29 AD3d 352, 352-353).  Indeed, he "did not take an aggressive adversarial stance against defendant or elicit damaging evidence that had not been brought out by the People" (*People v Seeley*, 22 AD3d 225, 226, *lv denied* 6 NY3d 758).

Defendant also failed to preserve for our review his contention in his main brief that the evidence is legally insufficient to support the conviction of assault in the second degree under Penal Law § 120.05 (2) and two of the three counts of murder in the second degree (§ 125.25 [1], [3]; *see People v Gray*, 86 NY2d 10, 19).  Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  We reject the further contention of defendant raised in his main and pro se supplemental briefs that he was denied the right to effective assistance of counsel based on the failure of defense counsel to challenge the legal sufficiency of the evidence on specific grounds and to make certain objections.  Rather, viewing defense counsel's representation as a whole, we conclude that defendant received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147).

Defendant waived his contention in his pro se supplemental brief that he was denied his right to testify before the grand jury, inasmuch as he failed to move to dismiss the indictment on that ground within the requisite five-day statutory period (*see* CPL 190.50 [5] [c]; *People v Braction*, 26 AD3d 778, *lv denied* 6 NY3d 832, 846).  Contrary to defendant's further contention in his pro se supplemental brief, he was not denied his right to counsel when the police questioned him in connection with this case.  "Under New York's indelible right to counsel rule, a defendant in custody in connection with a criminal matter for which [the defendant] is represented by

counsel may not be interrogated in the absence of his [or her] attorney with respect to that matter or an unrelated matter unless [the defendant] waives the right to counsel in the presence of his [or her] attorney" (*People v Lopez*, 16 NY3d 375, 377).  Here, defendant was represented by counsel on an unrelated matter, but he was not in custody for that unrelated matter at the time of the police questioning in this case.  Defendant did not have a derivative right to counsel arising from that prior representation for which he was not in custody (*see People v Steward*, 88 NY2d 496, 500-502, *rearg denied* 88 NY2d 1018; *People v Scaccia*, 6 AD3d 1105, 1105-1106, *lv denied* 3 NY3d 681).

We agree with the contention of defendant in his pro se supplemental brief, however, that the sentence is illegal in part. The court directed that the sentences for the first three counts of the indictment, charging robbery in the first degree, shall run concurrently with each other but consecutively to the sentences for counts 11 through 13 of the indictment, charging intentional and felony murder in the second degree.  We conclude that the sentences for the robbery counts must run concurrently with count 12 of the indictment, charging felony murder, because the robbery was the underlying felony for that count of felony murder and thus constituted a material element of that offense (*see People v Faulkner*, 36 AD3d 951, 953, *lv denied* 8 NY3d 922; *People v Tucker*, 33 AD3d 635, 636; *People v Smalls*, 185 AD2d 863, 864, *lv denied* 81 NY2d 794).  We therefore modify the judgment accordingly.  Contrary to defendant's further contention in his pro se supplemental brief, the sentence as modified is not illegal and, contrary to defendant's contention in his main brief, the sentence is not unduly harsh or severe.

We have considered the remaining contentions of defendant raised in his main and his pro se supplemental briefs and conclude that they are without merit.

Entered:  October 7, 2011                        Patricia L. Morgan
                                                 Clerk of the Court