# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**9**
KA 10-00664
PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BRANDON DENNIS, DEFENDANT-APPELLANT.

---

MARK D. FUNK, ROCHESTER, FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered May 11, 2009.  The judgment convicted defendant, upon a jury verdict, of murder in the second degree (three counts), robbery in the first degree (three counts), attempted robbery in the first degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree and assault in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that the sentences imposed on counts 1 through 3 of the indictment shall run concurrently with the sentence imposed on count 12 of the indictment and as modified the judgment is affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, three counts each of murder in the second degree (Penal Law § 125.25 [1], [3] [intentional and felony murder]) and robbery in the first degree (§ 160.15 [2] - [4]).  We reject defendant's contention that County Court erred in giving a jury instruction on consciousness of guilt.  According to the evidence presented by the People at trial, defendant became a suspect in the murder approximately one month after it occurred, and the police attempted to locate him at the address listed on his driver's license, as well as at the addresses of his former and current girlfriend.  The police also informed defendant's family members that they were looking for him.  Defendant was arrested almost six months later, when the police received information concerning his whereabouts.  Defendant was driving his current girlfriend's vehicle and rammed it into a police vehicle before surrendering.  We conclude that the People thereby presented evidence warranting the instruction on consciousness of guilt (*see People v Solimini*, 69 AD3d 657, *lv denied* 14 NY3d 893; *People v Young*, 51 AD3d 1055, 1056-1057, *lv denied* 11 NY3d 796) and, contrary to defendant's contention, the People were not required to

prove that defendant was aware that the police were searching for him.

Defendant did not preserve for our review his further contention that the admission of his codefendant's statement violated the Confrontation Clause (*see People v Pearson*, 82 AD3d 475, *lv denied* 17 NY3d 809). In any event, that contention is without merit. The codefendant's statement did not implicate defendant in any wrongdoing and thus did not deprive defendant of his US Constitution Sixth Amendment right to confront witnesses against him (*see People v Mack*, 89 AD3d 864, 865-866; *People v Lewis*, 83 AD3d 1206, 1208-1209, *lv denied* 17 NY3d 797). We reject defendant's contention that the court erred in allowing a police investigator to testify for the People that he saw defendant and the codefendant together earlier on the day of the murder. Inasmuch as the court prohibited the police investigator from testifying that he purchased drugs from the codefendant during that encounter, we reject defendant's contention that the testimony constituted evidence of a prior bad act of defendant. Even assuming, arguendo, that the jury would infer that defendant had committed a prior bad act based on the investigator's testimony that he had seen defendant and the codefendant together, we conclude that the court did not err in allowing that testimony. The police investigator's testimony served as background information and completed the narrative of the events (*see People v Lesson*, 48 AD3d 1294, 1296, *affd* 12 NY3d 823; *see generally People v Resek*, 3 NY3d 385, 390), i.e., it informed the jury that defendant and the codefendant were together hours before the murder occurred and explained how the police identified defendant as a suspect in the case. Defendant further contends that the court erred in allowing a police lieutenant to testify that two police departments assembled photo arrays with defendant's photograph, thus allegedly giving rise to the inference that defendant committed prior bad acts by virtue of his having been arrested on two prior occasions. Defendant's contention is not preserved for our review (*see People v Woods*, 72 AD3d 1563, 1564, *lv denied* 15 NY3d 811), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We note, however, that testimony regarding the pretrial identification of defendant in a photo array was first elicited by defense counsel during his cross-examination of a prosecution witness.

Defendant also failed to preserve for our review his contention that the court erred in failing to discharge two sworn jurors (*see People v Sanderson*, 68 AD3d 1716, 1717, *lv denied* 14 NY3d 844). In any event, the court did not err in allowing the jurors to remain on the jury. The jurors were not "grossly unqualified to serve in the case" (CPL 270.35 [1]), inasmuch as they did not " 'possess[ ] a state of mind which would prevent the rendering of an impartial verdict' " (*People v Buford*, 69 NY2d 290, 298; *see People v Clark*, 28 AD3d 1190). Although defendant failed to preserve for our review his contention that two instances of alleged prosecutorial misconduct deprived him of a fair trial (*see People v Heide*, 84 NY2d 943, 944), we conclude in any event that the prosecutor did not in fact engage in any misconduct. We reject defendant's further contention that he was

denied the right to effective assistance of counsel based on the failure of defense counsel, inter alia, to object to certain testimony and the admission of the autopsy photographs in evidence. Rather, viewing defense counsel's representation as a whole, we conclude that defendant received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147). In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We agree with defendant, however, that the sentence is illegal in part insofar as the sentences for the first three counts of the indictment, charging robbery in the first degree, must run concurrently with rather than consecutively to count 12 of the indictment, charging felony murder. We therefore modify the judgment accordingly. As we held on the codefendant's appeal, "the robbery was the underlying felony for that count of felony murder and thus constituted a material element of that offense" (*People v Osborne*, 88 AD3d 1284, 1286). We reject defendant's further contentions that the sentence as modified is illegal or is unduly harsh or severe.

Finally, we note that the certificate of conviction does not reflect that defendant was convicted of murder in the second degree under count 13 of the indictment, and it fails to recite that the sentences imposed on the first three counts of the indictment shall run concurrently with each other but consecutively to the sentences imposed on counts 11 and 13 of the indictment. The certificate of conviction must therefore be amended accordingly (*see e.g. People v Carrasquillo*, 85 AD3d 1618, 1620, *lv denied* 17 NY3d 814).

Entered:  January 31, 2012                    Frances E. Cafarell
                                              Clerk of the Court