■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EINSTEIN LIMA, Appellant. [961 NYS2d 795]—Appeal by the defendant from a resentence of the Supreme Court, Kings County (Brennan, J.), imposed October 28, 2011, upon his conviction of assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, the resentence being a period of postrelease supervision in addition to the determinate terms of imprisonment previously imposed on June 5, 2001.

Ordered that the resentence is affirmed.

Since the defendant had not yet completed his originally imposed sentence of imprisonment when he was resentenced, his resentencing to include the statutorily required period of postrelease supervision did not subject him to double jeopardy or violate his right to due process of law (*see People v Lingle*, 16 NY3d 621 [2011]; *People v Louis*, 90 AD3d 1075 [2011]; *People v Dawkins*, 87 AD3d 550 [2011]).

The period of postrelease supervision imposed by the Supreme Court upon the defendant's resentence was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY MILLER, Appellant. [961 NYS2d 787]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated February 15, 2011 (*People v Miller*, 81 AD3d 854 [2011]), affirming a judgment of the Supreme Court, Kings County, rendered December 6, 2007.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Dillon, J.P., Balkin, Leventhal and Austin, JJ., concur.