# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**298**

**KA 07-01032**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V    MEMORANDUM AND ORDER

ROBERTO A. ASTACIO, DEFENDANT-APPELLANT.

KIMBERLY J. CZAPRANSKI, CONFLICT DEFENDER, ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ERIN TUBBS OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Roy W. King, A.J.), rendered November 2, 2006. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree, assault in the first degree and robbery in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, burglary in the first degree (Penal Law § 140.30 [2]) and assault in the first degree (§ 120.10 [4]). To the extent defendant challenges the legal sufficiency of the evidence supporting the conviction of assault in the first degree, that contention is not preserved for our review (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678) and, in any event, lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495). Additionally, viewing the evidence in light of the elements of the crimes of burglary in the first degree and assault in the first degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict with respect to those crimes is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). The evidence establishes that defendant's actions were a "sufficiently direct cause" of the injuries to the relevant victim (*People v Petrosino*, 299 AD2d 851, 852, *lv denied* 99 NY2d 618 [internal quotation marks omitted]; *see People v Darrow*, 260 AD2d 928, 929; *see generally People v Stewart*, 40 NY2d 692, 697). Moreover, "[r]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]). Defendant contends that the assault in the first degree count in the indictment of which he was convicted is duplicitous. That contention is not

preserved for our review (*see People v Sponburgh*, 61 AD3d 1415, 1416, *lv denied* 12 NY3d 929), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant's contention that the People committed a *Brady* violation is also not preserved for our review (*see People v Jacobs*, 71 AD3d 693, 693, *lv denied* 14 NY3d 888; *People v Caswell*, 56 AD3d 1300, 1303, *lv denied* 11 NY3d 923, *reconsideration denied* 12 NY3d 781) and, in any event, lacks merit (*see People v Griffin*, 48 AD3d 894, 895, *lv denied* 10 NY3d 959; *see also People v Dizak*, 93 AD3d 1182, 1184, *lv denied* 19 NY3d 972, *reconsideration denied* 20 NY3d 932). Moreover, "a defendant's constitutional right to a fair trial is not violated when, as here, he is given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during his case" (*People v Morrison*, 90 AD3d 1554, 1555, *lv denied* 19 NY3d 1028, *reconsideration denied* 20 NY3d 934 [internal quotation marks omitted]). Contrary to defendant's further contention, there was no error under *People v Trowbridge* (305 NY 471), which restricts *third-party* testimony regarding an eyewitness's pretrial identification of a defendant, because here the *eyewitness* herself testified as to her identification of defendant (*see People v Thomas*, 17 NY3d 923, 926; *People v Bolden*, 58 NY2d 741, 742-743).

Defendant failed to preserve for our review his contention that County Court erred in discharging a sworn juror and, contrary to defendant's contention, preservation is required inasmuch as the court's alleged error is not a mode of proceedings error (*see People v Powell*, 79 AD3d 1791, 1792, *lv denied* 17 NY3d 799; *see also People v Kelly*, 5 NY3d 116, 119-120). In any event, defendant's contention regarding the alleged error in discharging that juror lacks merit inasmuch as the court properly discharged the juror from service pursuant to CPL 270.35 (*see People v Washington*, 50 AD3d 1539, 1540, *lv denied* 11 NY3d 742; *see also People v Jeanty*, 94 NY2d 507, 516-517, *rearg denied* 95 NY2d 849; *People v Forino*, 65 AD3d 1259, 1260, *lv denied* 13 NY3d 907).

Defendant also did not preserve for our review his contention that the court erred in failing to discharge a sworn juror (*see People v Dennis*, 91 AD3d 1277, 1279, *lv denied* 19 NY3d 995), and we reject his contention that the court's alleged error is a mode of proceedings error for which preservation is not required (*see Powell*, 79 AD3d at 1792, citing *Kelly*, 5 NY3d at 119-120). In any event, defendant's contention lacks merit (*see Dennis*, 91 AD3d at 1279; *see generally People v Buford*, 69 NY2d 290, 298).

Assuming, arguendo, that defendant preserved for our review his contention that the testimony of a police investigator violated defendant's constitutional right of confrontation (*see generally Crawford v Washington*, 541 US 36, 53-54), we conclude that the statements at issue were "testimonial" and thus violated his right of confrontation (*see Morrison*, 90 AD3d at 1556). Nevertheless, we conclude that the error is harmless. "Trial errors resulting in

violation of a criminal defendant's Sixth Amendment right to confrontation 'are considered harmless when, in light of the totality of the evidence, there is no reasonable possibility that the error affected the jury's verdict' " (*id.* at 1557, quoting *People v Porco*, 17 NY3d 877, 878, *cert denied* ___ US ___, 132 S Ct 2453).  Here, the evidence of guilt was overwhelming inasmuch as it included testimony from several eyewitnesses, as well as a statement defendant gave linking himself to the crimes, and there was no reasonable possibility that the error affected the jury's verdict (*see generally People v Crimmins*, 36 NY2d 230, 237).

To the extent that defendant's additional contention that he was denied a fair trial by prosecutorial misconduct is preserved for our review (*see* CPL 470.05 [2]), it is without merit.  The alleged misconduct was "not so egregious as to deprive defendant of a fair trial" (*People v Wittman*, 103 AD3d 1206, 1207).  Finally, viewing the evidence, the law, and the circumstances of this case in totality and at the time of representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Entered:  April 26, 2013                          Frances E. Cafarell
                                                  Clerk of the Court