# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**994**

**KA 11-01119**

PRESENT: SCUDDER, P.J., SMITH, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

MARQUIS PARKER, DEFENDANT-APPELLANT.

---

SHIRLEY A. GORMAN, BROCKPORT, FOR DEFENDANT-APPELLANT.

MARQUIS PARKER, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered March 3, 2011. The judgment convicted defendant, upon a jury verdict, of assault in the first degree (two counts), attempted robbery in the first degree, burglary in the first degree, criminal possession of a weapon in the second degree and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of assault in the first degree (Penal Law § 120.10 [4]), and one count of attempted robbery in the first degree (§§ 110.00, 160.15 [4]). We reject defendant's contention that he was denied effective assistance of counsel based on defense counsel's failure to seek suppression of DNA evidence allegedly obtained from him without his consent. It is well settled that "[a] defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702). Here, the police recording of defendant's interrogation establishes that defendant voluntarily agreed to provide the DNA sample (*see People v Osborne*, 88 AD3d 1284, 1285, *lv denied* 19 NY3d 999, *reconsideration denied* 19 NY3d 1104; *People v Beam*, 78 AD3d 1067, 1068, *lv denied* 16 NY3d 828). The investigating police officers were not required to advise defendant of his right to refuse consent (*see generally Osborne*, 88 AD3d at 1285). We have reviewed defendant's remaining contentions with respect to his assertions of ineffective assistance of counsel and conclude that they lack merit. Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that

defendant was afforded meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Defendant failed to preserve for our review his contention that Supreme Court abused its discretion when it read Penal Law § 20.00 to prospective jurors, and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject defendant's further contention that the prosecutor should have been disqualified after she testified at the reopened midtrial *Wade* hearing. The prosecutor did not conduct that hearing, and thus she did not "serve[] as both a witness and an advocate" in violation of the advocate-witness rule (*People v Washington*, 233 AD2d 684, 687, *lv denied* 89 NY2d 1042; *see People v Paperno*, 54 NY2d 294, 299-300). Furthermore, the prosecutor did not inject her own credibility into the trial in violation of the unsworn witness rule (*see Paperno*, 54 NY2d at 300).

We reject defendant's further contention that the People failed to comply with the notice requirements of CPL 710.30. "CPL 710.30 requires that . . . the People serve notice of their intention to offer at trial any 'testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such' " (*People v Gee*, 99 NY2d 158, 161, *rearg denied* 99 NY2d 652, quoting CPL 710.30 [1]). In preparation for the trial, the victim of the attempted robbery viewed an image taken from a surveillance video. We conclude that this was not a police-arranged identification procedure within the meaning of CPL 710.30 (*see id.* at 162-164) but, rather, the People were merely preparing the witness for trial with the use of that evidence (*see generally People v Herner*, 85 NY2d 877, 879; *People v Ortiz*, 1 AD3d 1017, 1018-1019, *lv denied* 1 NY3d 632).

Defendant's contention that he was entitled to specific performance of an alleged promise that he would not be charged with assaulting a police officer if he made certain admissions during his interrogation lacks merit. Even assuming, arguendo, that the investigator made such a promise, we note that "[a] district attorney has 'unfettered discretion to determine whether to prosecute' " (*Matter of Soares v Carter*, 113 AD3d 993, 996, *affd* 25 NY3d 1011), and that discretion includes the power to determine the charges to be prosecuted (*see People v Cajigas*, 19 NY3d 697, 702-703).

We reject defendant's challenge to the severity of the sentence, and his contention in his pro se supplemental brief that his sentence is illegal lacks merit. The sentencing transcript establishes that the court imposed two consecutive 20-year determinate terms of incarceration for the two counts of assault in the first degree, to be served concurrently with the sentences imposed for the remaining counts of which defendant was convicted, resulting in an aggregate sentence of 40 years' incarceration (*cf. People v Dennis*, 91 AD3d 1277, 1280, *lv denied* 19 NY3d 995).

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court