People v Pinilla (2018 NY Slip Op 05960)





People v Pinilla


2018 NY Slip Op 05960


Decided on August 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 30, 2018

Friedman, J.P., Sweeny, Gische, Mazzarelli, Gesmer, JJ.


6758 6298/92

[*1]The People of the State of New York, Respondent,
v Leonel Pinilla, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Emma L. Shreefter of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Julia P. Cohen of counsel), for respondent.



Order, Supreme Court, New York County (Cassandra M. Mullen, J.), entered on or about November 30, 2011, which denied defendant's CPL 440.10 motion to vacate a judgment rendered January 25, 1993, unanimously affirmed.
At the time of his guilty plea to a charge of attempted criminal sale of a controlled substance in the third degree, defendant was a legal resident of the United States. In a postconviction motion filed 17 years later, after immigration authorities initiated proceedings to deport defendant to Panama, defendant claimed that trial counsel affirmatively advised him that, because he had been in the United States for a prolonged period of time, his decision to plead guilty would have no adverse immigration consequences. The motion court accepted defendant's "uncontested assertion" in his affirmation that his attorney told him that his guilty plea would not result in negative immigration consequences such as deportation, and found that he had thus established the first of the two necessary prongs for ineffective assistance of counsel set forth in Strickland v Washington (466 US 668, 688 [1984]), that is, that "counsel's representation fell below an objective standard of reasonableness."
With respect to the second prong of the Strickland test, whether "there [was] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (id. at 694), the court adjourned for a hearing to determine the prejudicial effect, if any, of defense counsel's failure to properly advise defendant as to the immigration consequences of his guilty plea.
The hearing court denied defendant's CPL 440.10 motion in its entirety. The court noted the motion court's finding that the first prong of the Strickland test was met, but found that the second prong of the test was not established:
"The court finds that defendant was not credible. The defendant has not met his burden and has not proved by a preponderance of the evidence that due to ineffective assistance of counsel he was unduly prejudiced and that but for counsel's unprofessional errors, the result of the proceeding would have been different."
Defendant was deported to Panama in early 2012.
Defendant's principal argument on appeal is that the hearing court applied the wrong evidentiary standard in applying the Strickland test. He maintains that the only relevant inquiry was whether there was a "reasonable probability" that he would have proceeded to trial had he known that his guilty plea would result in deportation proceedings. By referring to a burden based on "a preponderance of the evidence," he argues that the court conflated the proper standard with an improper one. This part of defendant's argument is meritorious, since it is supported by relevant Supreme Court precedent (see United States v Dominguez Benitez, 542 US 74, 83 n9 [2004]; Williams v Taylor, 529 US 362, 405-406 [2000]).
Nevertheless, there is no basis for reversing the order or remanding for further proceedings. The court made a specific finding that defendant, the only witness, was not credible, a determination that is entitled to "great deference" (People v Rosado, 53 AD3d 455, 455 [1st Dept 2008], lv denied 11 NY2d 835 [2008], cert denied 556 US 1223 [2009]). His lack of credibility negates any conclusion that there was a reasonable probability that he would have proceeded to trial but for his attorney's misadvice.
The court's adverse credibility finding would also obviate defendant's claim of ineffective assistance under New York law as well as federal law. Accordingly, there is no reason to remand for analysis under the "meaningful representation" standard (see People v Benevento, 91 NY2d 708, 712 [1998]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 30, 2018
DEPUTY CLERK