People v Griner (2019 NY Slip Op 09180)





People v Griner


2019 NY Slip Op 09180


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


1173 KA 17-00044

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SAMMIE GRINER, III, DEFENDANT-APPELLANT. 






EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered September 14, 2016. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (two counts) and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]) and one count of assault in the second degree (§ 120.05 [2]). Upon our independent review of the evidence and viewing such evidence in light of the elements of the crimes as charged to the jury (see People v Cruz, 171 AD3d 1509, 1510 [4th Dept 2019], lv denied 34 NY3d 929 [2019]; see generally People v Sanchez, 32 NY3d 1021, 1023 [2018]; People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence.
Contrary to defendant's contention, Supreme Court properly overruled his hearsay objection to the admissibility of certain testimony regarding canine tracking. The jury was "pointedly instructed by the court . . . that the testimony [was] not being admitted for [its] truth, and the jury is presumed to have followed such admonition" (People v Bryant, 39 AD3d 768, 768 [2d Dept 2007], lv denied 9 NY3d 990 [2007] [internal quotation marks omitted]; see People v Davis, 58 NY2d 1102, 1103-1104 [1983]). Thus, the challenged testimony was "not hearsay as it was not admitted for its truth" (People v Cromwell, 71 AD3d 414, 415 [1st Dept 2010], lv denied 15 NY3d 803 [2010]). Defendant failed to preserve his related contention that he was denied his right of confrontation with respect to the challenged testimony, and we decline to exercise our power to review that argument as a matter of discretion in the interest of justice (see People v Tirado, 175 AD3d 970, 971 [4th Dept 2019], lv denied — NY3d — [Oct. 30, 2019]).
The sentence is not unduly harsh or severe, and the record refutes defendant's assertion that the court penalized him for exercising his right to trial. Contrary to defendant's further contention, resentencing is not required inasmuch as "sentences may run consecutively to each other even though each of those sentences is required to run concurrently with the same third sentence" (People v Rodriguez, 112 AD3d 488, 489 [1st Dept 2013], affd 25 NY3d 238 [2015]). We cannot review defendant's contention regarding the presentence report because it is based on matters outside the record on appeal (see generally People v Powell, 79 AD3d 1791, 1793 [4th Dept 2010], lv denied 17 NY3d 799 [2011]).
We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court