Matter of Angelica A. (Amalia R.--Angel A.) (2021 NY Slip Op 06790)





Matter of Angelica A. (Amalia R.--Angel A.)


2021 NY Slip Op 06790


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Renwick, J.P., Mazzarelli, Singh, Mendez, Higgitt, JJ. 


Docket No. NA-11772/17, NA-11773/17 Appeal No. 14771-14771A Case No. 2021-00774 

[*1]In the Matter of Angelica A. and Another, Children Under Eighteen Years of Age, etc., Amalia R., Respondent-Appellant, Angel A., Respondent Administration for Children's Services, Petitioner-Respondent. 


The Bronx Defenders, Bronx (David Shalleck-Klein of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for respondent.
Kenneth M. Tuccillo, Hasting on Hudson, attorney for the child.



Order of disposition, Family Court, Bronx County (Tracey A. Bing, J.), entered on or about January 25, 2021, to the extent it brings up for review amended order of fact-finding, same court (Monica D. Shulman, J.), entered on or about February 4, 2019, which found, inter alia, that respondent mother neglected her daughter Angelica, unanimously affirmed, without costs. Appeal from said order of fact-finding unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The record supports the finding that respondent neglected her then 16-year-old daughter by failing to take reasonable and appropriate steps to protect her after she disclosed that her father had sexually abused her on several occasions over a period of years (see Matter of Giannis F. [Vilma C. — Manny M.], 134 AD3d 457, 458 [1st Dept 2015]; see also Matter of Derrick GG. [Jennifer GG.], 177 AD3d 1124 [3d Dept 2019], lv denied 35 NY3d 902 [2020]). There is no basis for disturbing the court's determination that the child's in-court testimony about the abuse was credible, notwithstanding certain inconsistencies (see Matter of Itzel A. [Jose V.], 188 AD3d 478, 479 [1st Dept 2020]; Matter of Genesis A. [Candido A.], 150 AD3d 616, 617 [1st Dept 2017]). Indeed, the abuse spanned over a period of years, beginning when the child was about 11 years old, and the child's account of the abuse was detailed and consistent. Testimony among the other witnesses also was consistent with the child's testimony. The court acted providently in limiting cross-examination of the child and the admission of extrinsic evidence to impeach the child by showing she had a motive to fabricate her claims of abuse (see People v Holloway, 57 AD3d 404, 405 [1st Dept 2008], lv denied 12 NY3d 784 [2009]).
Contrary to respondent's contention, the court providently found, after an in camera review, that certain interview notes withheld by the District Attorney's Office in response to a subpoena served by respondent were protected as attorney work product (see CPLR 3101(d)(2); see also People v Johnson, 292 AD2d 284, 285 [1st Dept 2002], lv denied 98 NY2d 698 [2002]).
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021